# *Ex parte* Gibson.

## *Petition for Discharge on Habeas Corpus.*

1. *County Court of Barbour; jurisdiction of misdemeanors.*—Under the general statutes creating and regulating the County Courts (Code,

[Ex parte Gibson.]

§§ 4201-32), without regard to the unconstitutional act regulating the trial of misdemeanors in the County Court of Barbour, approved February 20, 1889, that court has jurisdiction of a prosecution for a misdemeanor commenced by complaint under oath, without indictment, and may render a judgment and sentence of conviction, on the plea of guilty being interposed ; and when a person is held in custody under such a judgment, he will not be discharged on *habeas corpus*, although it appears that he is also held under a void judgment rendered under said unconstitutional statute, and although the clerk certifies that both judgments were rendered under its provisions.

APPLICATION by petition in behalf of Harrison Gibson, for the writ of *habeas corpus*, to procure his discharge from the custody of the Sloss Iron & Steel Company, where he was held as a county convict from Barbour county, under two judgments of conviction rendered by the County Court of Barbour, certified copies of which were annexed to the petition as exhibits. Each of said judgments was rendered on the 28th October, 1889, and the clerk's certificate stated that it was rendered "under the act approved February 20, 1889, regulating the trial of misdemeanors in Barbour county." One case was a prosecution for carrying concealed weapons, in which the judgment-entry recites that the defendant waived a trial by jury, and pleaded guilty; and the court thereupon rendered judgment of conviction, imposing a fine of $50, and hard labor for the county for six months, besides costs. The other was a prosecution for assault and battery, in which the defendant pleaded not guilty, and demanded a trial by jury; and the jury returned a verdict of guilty, and assessed a fine of $10, on which judgment was rendered for the fine and costs, with an alternative sentence to hard labor on non-payment thereof.

The petition was addressed to Hon. H. A. SHARPE, presiding judge of the City Court of Birmingham, who refused to grant a discharge; and the application is now renewed before this court, on a certified copy of the proceedings.

SHORTER & DENT, for the petitioner, cited *Collins v. State*, 88 Ala. 212; *Woodward v. Cabaniss*, 87 Ala. 328; *Ex parte Simmons*, 62 Ala. 416.

McCLELLAN, J.—The petition presented to the Judge of the City Court of Birmingham disclosed that the applicant, at the October term, 1889, of the County Court of Barbour county, sitting at Eufaula, pleaded guilty of the offense of carrying a concealed weapon, charged against him by complaint or information, and that he was thereupon ad-

[Ex parte Gibson.]

judged guilty, and the sentence passed on him under which he is now held. The County Court of Barbour, without reference to the act of February 20, 1889, which was held unconstitutional and void in the case of *Collins v. State* (88 Ala. 212), had jurisdiction to hear and determine the case made by the complaint and defendant's plea, and to render judgment thereon. This power is vested in that court by the general law (Code, §§ 4197 *et seq.*) applicable to Barbour county; and by special enactment, its exercise at the time and place shown in the record, is authorized.—Acts 1886-7, p. 765. The court thus having the power to render the judgment which it did render, it is immaterial that the judge should have conceived he was acting under the unconstitutional statute, so long as no step upon which the judgment rests, taken in the proceeding, depends for its validity on the void enactment. The fact that a person was acting as clerk of the court who was without authority to act, could not avoid an otherwise valid judgment; nor could the extra-official certificate of such person, that the proceeding was had under the nugatory statute, exert any influence on judicial action clearly within the competency of the court.

The other judgment shown by the petition was and is void, for the reason, that the court's jurisdiction to render it, under the facts shown, exists alone by virtue of the void enactment, and hence, in legal contemplation, does not exist at all. When the defendant demanded a jury in the assault and battery case, the jurisdiction of the County Court at once ceased, and the case should have been transferred to the Circuit Court, as provided by section 4219 of the Code.

But, the petition disclosing that petitioner was held under a valid judgment and sentence, rendered and pronounced on the charge of carrying a concealed weapon, the judge of the City Court properly denied the writ prayed for, and a like denial is made here.