OPINION of the Court, by
Ch. f. Boyle.
This is a writ oí error to a judgment tor a tine on an indictment for trespass assault and battery. Two objections are made which we deem necessary to be noticed — -1st, That the indictment is defective, not being found in the name and by the authority of the commonwealth of and 2d. that the court below erred in not . . , ' . . reír dismissing the indictment on the motion ox the ueten-dant in the court below for want oí a prosecutor, and in permitting the attorney for the commonwealth to set r ⅛ . ,J r down a prosecutor m due term.
The first objection is predicated upon the constitu-tjor!a| reqL!isition, “ that all prosecutions shall be carried.on in the name anu bv the authority ot the commonwealth of Kentucky.” The. indictment is in the usual £orm jn t}ie name of the commonwealth, and concludes against its peace and dignity, but does not express to be found by the authority of the commonwealth. Such an expression is however wholly unnecessary. At common law, prior to the revolution, prosecutions were carried or, in the name and fay the authority of the king, in his political capacity ; but the forms of indictment shew that it was unnecessary to be expressed to be found by his authority. When we threw off the regal government and adopted the republican form, it became necessary to provide that prosecutions should be carried on in the name and by the authority of the commonwealth ; but as under the regal, so under our present form of government, it is equally unnecessary that an indictment should expressly aver by what authority it is found and carried on. This indictment was, as all ci-ther indictments must be, carried on by the authority of the commonwealth of Kentucky, and not by the authority of any other power ; and that is alone what the constitution requires.
The second objection appears, to be better founded. In tiic case of Hutcheson vs. the Commonwealth, decided fall term 1809, (a) it was held that a dismission for want 0f a prosecutor, on the motion of the defendant» after issue joined upon the plea of not guilty, and part of the jury sworn, was correct. That was a stronger case than the present. In this a plea of auterfois cm- *211 v/rt had been pleaded, but issue had not been joined upon it when the motion to dismiss was made,
The argument that in requiring a prosecutor the object of the law was to enable the defendant to recover his costs, in case of a judgment in his favor, and that by setting down a prosecutor, as permitted by the court below, that object would be obtained, seems not to obviate the objection. The law requires that it should have been done before the indictment was presented t* the grand jury — See 1 Litt. L. K. 473-4. In a case this kind the law must be literally and strictly pursued, and we cannot adopt other means than those which the law has appointed to attain its object, however much we may suppose them calculated for that purpose.
Judgment reversed, and the cause remanded that the indictment maybe dismissed with costs.

 Vol. x, p. JiS*