## WROCKLEGE v. THE STATE OF IOWA.

An indorsement on an indictment, as follows: "A true bill—Silas C. Pierson, foreman of the grand jury. Presented and filed in open court, in presence of the grand jury, May 24, 1854. Wm. Leffingwell, Clerk, D. C.," shows a sufficient compliance with section 2914 of the Code, which provides, that "an indictment, when found by the grand jury, and indorsed as prescribed by this chapter, must be presented by their foreman, in their presence, to the court, and filed by the clerk."

Wrocklege v. The State of Iowa.

An indorsement upon the indictment itself, is sufficient record of the finding and filing of the same, and the only record which should be made until after the defendant is arrested under the indictment, the record books of the District Court being public in their nature.

An indictment which alleges the presentment to be made "*in behalf of said state of Iowa*," and the caption to which is as follows: "The State of Iowa, Muscatine County," shows sufficiently that the prosecution is conducted "in the name, and by the authority of" the State of Iowa, as provided by section six of the fifth article of the constitution.

An indictment for retailing intoxicating liquors, which charges the offence as follows: "one glass of brandy, the same being intoxicating liquor, then and there did retail, with a view to its being drunk in a building which the said Joseph Wrocklege then and there kept and occupied as a shop, wherein said brandy was retailed," sufficiently describes the offence.

The word "retail," as used in the indictment, is equivalent to sell, and clearly charges a sale within the meaning of the act.

A description of the premises as follows: "the building which the said Joseph Wrocklege then and there kept and occupied as a shop, wherein said brandy was retailed," is clearly equivalent to "on or about the premises."

It is totally immaterial whether the liquor was, in fact, drunk on or about the premises, if the selling was *with the view that they should be so drunk;* and if sold with that view, it is immaterial in what quantity sold, whether by the glass or otherwise.

A judgment in the following form: "Therefore, it is considered that the state of Iowa, recover of the said defendant, ten dollars for the first offence; ten dollars for the second offence; ten dollars for the third offence; and ten dollars for the fourth offence named in said indictment; and that he stand committed until said fine and costs be paid," is rendered in such a manner as to substantially comply with chapter 55 of the Code, which requires a "separate judgment to be entered in each instance in which a verdict of guilty is found."

Where the record shows that the jury were sworn the truth to speak upon the issue joined, it is a sufficient compliance with the statute; and, at least, this court must so consider it, where the record does not show that objection to the oath, was taken in the court below.

*Error to Muscatine District Court.*

THIS was an indictment for retailing intoxicating liquors, containing four counts, indorsed as follows: "A true bill, Silas C. Pierson, foreman of the grand jury. Presented and filed in open court, in the presence of the grand jury, May 24, 1854. Wm. Leffingwell, Clerk, D. C." A motion was made to set aside the indictment, for the reason that the indorsement does not show, that it was presented "by the fore-

man of the grand jury to·the court, in the presence of the grand jury.   Pending the motion, it appearing that no evidence of the finding of the indictment was upon the records, except what appeared on the back of the same, the court ordered the following entry to be made of record:   "And now, to wit: this 24th day of May, A. D. 1854, the grand jury came into court, and by their foreman, presented an indictment against Joseph Wrocklege, which was duly indorsed and filed in open court;" and, thereupon, the court overruled the motion to set aside the indictment.   A demurrer was then filed, the points raised by which, and the facts applicable thereto, will sufficiently appear in the opinion of the court, which was overruled.   The defendant filed a plea of not guilty, and on the trial of the cause, asked the following · instructions:

·1. "If the jury believe from the evidence, that the keeping a place for the sale of liquor by the dram, was not the ostensible or real business of the defendant, they must acquit."

3. "Where the evidence is general, and no particular days fixed, the jury cannot find for more than one offence, under any circumstances."

These instructions were refused, and the several rulings of the court, upon the motion to set aside the indictment, ordering ·the record entry to be made, overruling the demurrer, and refusing to give the above instructions, were properly excepted to.   The jury returned a verdict of guilty on all the counts in the indictment, whereupon the court assessed a fine of ten dollars for each offence named in the indictment, and a judgment was rendered as follows: "Therefore, it is considered, that the state of Iowa, recover of the defendant, ten dollars for the first offence; ten dollars for the second offence; ten dollars for the third offence; and ten dollars for the fourth offence named in said indictment; and that he stand committed until 'said fine and costs be paid."   The record, as to the oath administered to the jury, recites as follows: "who being duly impanneled and sworn the truth to speak upon the issue joined, on their oaths, do say," &c.   The defendant brings the cause to this court by

writ of error; and assigns as error the various rulings above
stated, and, also, that the jury were not properly sworn, and
that the judgment rendered, is not a separate judgment for
each offence as required by the Code.

*J. Scott Richman* and *Henry O'Connor*, for the plaintiff in
error.

*David C. Cloud*, Attorney-General (by *W. Penn. Clarke*),
for the state.

ISBELL, J.—Was the indorsement on this indictment such
as to substantially comply with the law? The Code, sec-
tion 2914, provides that an indictment must be presented
by the foreman of the grand jury, in their presence, and
filed by the clerk. In the case of *Dixon* v. *The State*, de-
cided at the last term, the language of the indorsement was
as follows: "Presented to the District Court of Marion
county, Iowa, in the presence of the grand jury, on the 11th
day of February, 1853—A. B. Miller, Clerk, D. C. M. C.,
Iowa." This was held a sufficient compliance with the stat-
ute. See, also, *Wau-kow-chaw-neek-kaw* v. *United States*,
Morris, 332. We are not disposed to disturb the ruling of
the court in the case above cited.

As to the second point raised by the assignment of errors,
to wit: that no entry was made in the records at the time
of the filing of the indictment, we have only to say, that
nothing appears here that the party was under an arrest at
the time the indictment was found; and if not, it would
have been at least improper that such entry should appear
in the record book, which is in its nature public. The in-
dorsement on the indictment itself was sufficient record, and
all that should appear, until after arrest. We are aware that
there are several counter authorities on this point in the
reports of the several states, and particularly of Tennessee.
But, however this might be, in the absence of a statute, sec-
tion 144 of our Code provides, that "the records of the
District Court consist of the original papers constituting the

causes adjudicated or pending in that court, and the books prescribed in the next section." Again, section 1977 provides that "all proper entries made by the clerk, and all papers pertaining to a cause, and filed therein (except subpœnas, depositions, and other papers which are used as mere evidence), are to be deemed parts of the record."

The first question that is raised by the demurrer, is, whether this prosecution is conducted in the name and by the authority of the state of Iowa, within the meaning of the constitution. The style of the indictment is as follows: "The state of Iowa, Muscatine county. In the District Court for said county. May term, A. D. 1854. The grand jurors of the state of Iowa, within and for the body of the county of Muscatine, duly elected, impanneled, charged and sworn, to inquire within and for the body of said county, *in behalf of said state of Iowa,* on their said oaths, present," &c. The constitution, article 5, section 6, provides that "the style of all process shall be, ' The state of Iowa,' and all prosecutions shall be conducted in the name and by the authority of the same." It is contended that instead of "in behalf of said state," that a presentment should be expressed in the indictment to be "*in the name and by the authority of the state of Iowa.*" While we think the latter the more appropriate style, we are not prepared to say that it is the only phrase that may be used, or that it is essential to the validity of the indictment. The phrase placed under quotation in this section of the constitution, to wit, "The state of Iowa," constitutes the technical, authoritative name of the state. See *Harriman* v. *The State,* 2 G. Greene, 270. It is in this name that all prosecutions must be commenced, and it is by *the authority of the same,* that they must be conducted. But we do not understand the constitution, by this, to mean that it must be expressed in each proceeding, in the conduct of a prosecution, that it is made *in the name and by the authority of the state of Iowa.* We are aware of no judicial construction having been placed on this clause. There is at least no reported case, that throws any light upon it. Certainly, the legislature has not regarded the construction

claimed by plaintiff in error, as the true one.  It has provided a form for a warrant of arrest, Code, section 2827; of commitment, section 2875; of information before a justice of the peace, section 3326; in all of which, if we assume the construction contended for, the expression should appear. Yet in none of these forms is it to be found.  This legislative construction, it is true, is not controlling upon this court; and did we concur in the construction contended for, we should not hesitate so to pronounce; but understanding the constitution as we do, we see no cause for invalidating these forms, or reversing the judgment in the case, on account of any provision in that section.

The indictment, which is substantially the same in all the courts, so far as is material to the determination of the case, is as follows: " One glass of brandy, the same being intoxicating liquor, then and there did retail, with a view to its being drunk in a building, which the said Joseph Wrocklege then and there kept and occupied as a shop, wherein said brandy was retailed."  As further grounds of demurrer, it is alleged that this indictment does not charge that the liquor was retailed by the glass or dram, or that said liquor was sold with a view to its being drunk on the premises; or that it was drunk on the premises; or that it was sold.  Section 925 of the Code, upon which this indictment is founded, is as follows: " The retail of intoxicating liquors in the manner which is commonly denominated by the glass or by the dram, is hereby prohibited, and the sale of liquors in any quantity, with a view to their being drunk on or about the premises, is a selling by the dram, within the meaning of this section."  We see no defect in this indictment, in any of the particulars, on account of which these objections are taken.  The word retail, as used in it, is equivalent to sell, and clearly charges a sale within the meaning of the act.  The description of the premises, as the " building which the said Joseph Wrocklege then and there kept and occupied as a shop, wherein said brandy was retailed," is clearly equivalent to " on or about the premises." It is totally immaterial whether the liquor was, in fact,

Wrocklege v. The State of Iowa.

drunk on or about the premises, if the selling was *with the view that they should be so drunk* ; and if sold with that view, it is immaterial in what quantity sold, whether by the glass or otherwise.

It is further objected, that this indictment is not signed by the prosecuting attorney. It is signed "Edw. H. Thayer, Pros. Atty. *pro tem.* for Muscatine county, Iowa." Nothing appears to us that he was not so. At least, we must so regard him, on demurrer. The first instruction asked was properly refused. And so far as the record discloses, the third may also have been. There is nothing apparent in the record, tending to show that it is not a mere abstract proposition. In other words, there is nothing apparent that there was any evidence, or state of case existing before the court, to make this instruction pertinent to the case.

It is further objected, that the judgment in this case is not a separate judgment for each offence. We do not so regard it ; but, on the contrary, we think it rendered in such a manner as to substantially comply with the act. It is, again, contended that the oath of the jurors is not such as to justify the conviction. And in support of this position, the case of *Dixon* v. *State*, determined at the last term, and *Harriman* v. *The State*, 2 G. Greene, 285, are cited. Without disturbing the rulings in those cases, we arrive at a different conclusion. The former of those cases is clearly distinguishable from the one at bar, in this : the oath disclosed by the records in that case, as appears by the papers on file, was simply "the truth to speak," without more. The latter was an indictment for murder, under the laws of 1843. The law, at that time, expressly laid down the form of oath to be administered to jurors in a criminal case. And it is upon that reason that Greene, J., in delivering the opinion of the court, bases the ruling. He says, after reciting the form of the oath, "this is the oath which, under the requirements of our statute, should have been administered to the jury. Had their oath contained the substance of this in any other form, we should, after verdict, have regarded it as sufficient. Or had the record remained silent upon

this point, we should have presumed they had taken the legal oath." The case is different now. Our law prescribes no form of oath, but only declares, section 2971, "The jury consists of twelve men, accepted and sworn to try the issue." In this case, the record shows that the jury, after being impanneled, were duly sworn the truth to speak upon the issue joined. Without now discussing how far irregularities will be deemed waived in the trial of misdemeanors, in case no objection is taken at the time, we conclude that the oath here appearing to be administered, substantially complied with the requirements of the law; and, at least, that we must here, without objections having been taken in the court below, so consider it; and that this, like too many of the questions raised in this case, is of that technical character which, by section 3097 of the Code, we are not to regard.

Judgment affirmed.