# Herring, *et al. v.* The State.

### *Selling Liquor Without A License.*

(Decided Dec. 17, 1908. Rehearing denied Jan. 14, 1909. 48 South. 476.)

1. *Intoxicating Liquors; Illegal Sale; Affidavit; Sufficiency.*—An affidavit made before a judge of a city court and a warrant issued thereon by him for a violation of section 7357, Code 1907, are void, and not authorized by section 7359. Section 7519, Code 1907, had application only to proceedings under the chapter in which it occurs, and not to prosecutions for illegal liquor selling.

[Herring, et al. v. The State.]

2. *Same; Jurisdiction; City Court of Bessemer.*—The authority conferred upon justices of the peace and county court judges by section 7359, Code 1907, as to violations of section 7357, is not conferred upon the judge of the criminal court of Jefferson county by the act creating that court, and consequently is not conferred upon the judges of the city court of Bessemer.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

G. W. Herring and another were convicted for the unlawful sale of intoxicating liquors, and they appeal. Reversed and rendered.

THOS. T. HUEY, ALLEN & BELL and G. F. GOODWYN, for appellants. The court erred in not quashing the warrant and affidavit, and in overruling the motion directed to same, as well as the demurrers. The judge of the city court of Bessemer has no authority to issue warrants in such a case.—*U. S. v. Wilkburger*, 5 Wheat. 76; *State v. Lovell*, 23 Iowa, 304; *People v. Riley*, 50 Mich. 385; *Keller v. The State*, 59 Am. Dec. 226; *Ex parte Diggs*, 52 Ala. 381; *Wright v. Smith*, 66 Ala. 545; *Bloodgood v. Smith*, 14 Ala. 423; *Laney v. The State*, 109 Ala. 34; 2 Cyc. 10; 111 Ala. 2.

ALEXANDER M. GARBER, Attorney General and THOS. W. MARTIN, Assistant Attorney General, for the State. Counsel discuss the point decided, but without citation of authority.

SIMPSON, J.—The appellants were tried and convicted of the offense of selling spirtuous, vinous or malt liquors in violation of section 7357 of the Code of 1907.

The affidavit upon which the defendants were arrested was made before Hon. William Jackson, judge of the city court of Bessemer, and the warrant was issued by

[Herring, et al. v. The State.]

him. Motion was made to quash the affidavit and warrant on the ground that said judge of said city court was not authorized to administer said affidavit or to issue said warrant.

The statute (section 7359, Code of 1907) specifically provides that the affidavit shall be made before a justice of the peace, or judge of the county court, and the warrant issued by the same. The court erred in overruling said motion. Section 7519 refers only to affidavits and warrants under that chapter of the Code—which is the chapter in regard to proceedings to keep the peace.

The affidavit and warrant being void, the entire proceeding is without authority of law. The judgment of the court is reversed, and a judgment will be here rendered discharging the defendants.

Reversed and rendered.

DOWDELL, DENSON, and MCCLELLAN, JJ., concur.

## On Rehearing.

SIMPSON, J.—The act creating the city court of Bessemer confers upon the court and upon the judge the same jurisdiction and powers as are conferred upon the criminal court of Jefferson county and the judge thereof. The act creating the criminal court of Jefferson county (Loc. Laws 1886-87, p. 835) confers upon said court the "jurisdiction and powers, in the trial of criminal cases, and in proceedings connected with the administration of criminal law, which now are or may be, by law, conferred on the several circuit courts of this state, together with such other jurisdiction and powers as may be conferred on said criminal court by the provisions of this act;" and the second section of said act, as amended by the act of December 7, 1900 (Laws 1900-01, p. 214, § 1), provides that "said judges shall have

3—8

[Herring, et al. v. The State.]

and exercise jointly or separately all the jurisdiction and powers which are now, or may be hereafter lawfully exercised by the judges of the circuit court." The sixth section confers jurisdiction of all offenses against the state concurrently with other courts; and section 12 provides that said court "shall have and exercise jurisdiction concurrently with other courts now having the same, of all prosecutions for misdemeanors committed in said county, which may be instituted or commenced in said court by complaint and warrant of arrest, and prosecutions for misdemeanors may be commenced by any person complaining under the form now prescribed by law for the commencement of prosecutions in the county courts," etc., and "it shall be no objection to the complaint and warrant of arrest, when issued by justice of the peace, that they irregular," etc. The act also provides for grand and petit juries in said court.—See Local Laws of Jefferson County (Complied by Weakley) p. 599 et seq.

We do not see in this act anything conferring on the judge of said court the authority of justices of the peace and of the county court judges, mentioned in section 7359 of the Code of 1907.—*Vann & Waugh v. Adams, Thorne & Co.,* 71 Ala. 475. On the contrary, another court has been created in said county to exercise the jurisdiction and powers of justices of the peace.

TYSON, C. J., and ANDERSON, DENSON, and McCLELLAN, JJ., concur.