# Higdon, *et al. v.* Stuckey.

### *False Imprisonment.*

(Decided July 6, 1910. 53 South. 301.)

*Intoxicating Liquors; Affidavit and Warrant; Authority to Issue.*—The judge of the Jefferson Criminal Court has authority under the act creating the court, and under section 6703, Code 1907, upon complaint to issue a warrant of arrest on the ascertainment of probable cause, for a violation of section 7359, Code 1907. (Overruling Herring v. The State, 158 Ala. 31.)

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Charles R. Stuckey against E. L. Higdon, sheriff, and his official bond, for false imprisonment.

Judgment for plaintiff and defendant appeals.   Reversed and remanded.

A. Leo Oberdorfer, and Hinds Peevey, for appellant.   The jurisdiction of the judge of the criminal court to issue warrants is justified on two separate aspects.   1st, the power is implied from its general jurisdiction over misdemeanors.—Secs. 12 and 14, Local Laws Jefferson county, 212; *Vann v. Adams,* 71 Ala. 475; *Carroll v. The State,* 58 Ala. 396; *Griffith v. Appleby,* 69 Ala. 409; *Bains v. Mitchell,* 82 Ala. 305; *Douglass v. The State,* 117 Ala. 185; 26 A. & E. Enc. of Law, 602 and 614; Sec. 6703, Code 1907.   And 2nd, because the power is expressly given by the statute creating the court in section 12 thereof.—Authorities supra.   Counsel discuss other assignments of error not necessary to be here set out.

F. E. Blackburn and Morris Loveman, for appellee.   No brief reached the Reporter.

Sayre, J.—Appellee sued appellants, the sheriff of Jefferson county and the surety on his official bond, for a false imprisonment.   The sheriff pleaded justification under a warrant issued by the judge of the criminal court of Jefferson county, and returnable into that court, charging a violation of section 7359 of the Code. The trial court sustained demurrers to the several pleas which set up this defense on the theory that the judge of the criminal court was without authority to issue the warrant.   It is evident that the trial court took this course under the influence of the decision of this court in *Herring v. State,* 158 Ala. 31, 48 South. 476.

Without underestimating the advantages which accrue to the state from a fixed and commonly under-

stood course of judicial decisions in respect to such questions, we are unable to agree with the conclusion reached in the *Herring Case*. Those provisions of the acts of February 18, 1887 (Loc. Laws 1886-1887, p. 835), and December 7, 1900 (Laws 1900-01, p. 212), conferring upon the judges of the criminal court the jurisdiction and powers then, or thereafter to be, exercised by the judges of the circuit courts, were there noted, and need not be repeated. We do not place much store by them, although the power of circuit judges to issue warrants of arrest in some cases is assumed to exist in section 6278 of the Code. Other provisions of the statute, however, necessarily hold the implication that the judges of the criminal court may issue warrants of arrest in misdemeanor cases. At and before the passage of the act there was a county court in Jefferson county. Section 14 provided for the transfer to the criminal court of all indictments, complaints, and warrants of arrest charging misdemeanors then pending and untried in the county court, and that thereafter the said court should be abolished. Section 12 provides: "The criminal court of Jefferson county shall have and exercise jurisdiction, concurrently with other courts now having same, of all prosecutions for misdemeanors committed in said county, which may be instituted or commenced in said court by complaint and warrant of arrest; and prosecutions for misdemeanors may be commenced by any person complaining under the forms now prescribed by law for the commencement of prosecutions in the county court, and it shall be no objection to the complaint of warrant and arrest (sic), when issued by a justice of the peace, that they are irregular; provided, the same contains a statement of criminal offense as known in common parlance." The ascertainment of probable

cause upon which the right to issue a warrant of arrest depends involves an exercise of the judicial function, an exercise of jurisdiction as distinguished from merely ministerial or administrative powers, and, though it may by the Legislature be committed to ministerial officers because it is not final in the absence of expression, there is no intendment that such was the legislative purpose. When, therefore, the Legislature said that the criminal court should have and exercise jurisdiction of all prosecutions for misdemeanors which might be commenced in that court by complaint and warrant of arrest, and that prosecutions might be commenced by any person complaining under the forms there prescribed by law for the commencement of prosecutions in the county court, in view of the general statute (Code, § 6703) requiring the judge of the county court, when complaint is made to him to issue a warrant of arrest upon the ascertainment of probable cause, the inference seems clear enough that the legislative purpose was that thereafter prosecutions for misdemeanors might be commenced by suing out a warrant in the criminal court, and, if so, that the judge should issue the warrant, since he alone is vested with judicial power by the act creating the court. Nor does it seem to me that any distinctions between court and judge can avail to show a contrary purpose, for in section 6703, virtually made a part of the act by the provisions in question. the terms "judge" and "court" are used interchangeably. Nor is the case of a charge preferred under section 7359 of the Code to be differentiated in principle from the case in which any other misdemeanor is charged, for the act confers power and jurisdiction in respect to misdemeanors as a class. Nor, again, is it of consequence, as making against the view here expressed, that section 6703 provides that a party ag-

grieved or desiring to bring a charge of misdemeanor before the county court may apply to a justice of the peace as well as to the county court for a warrant of arrest; for, while it must be conceded that in the same way warrants may now be sued out before justices of the peace returnable to the criminal court, there is no indication of purpose in the act that one method of instituting prosecutions for misdemeanor in the county court shall be preserved for use in such prosecutions thereafter in the criminal court to the exclusion of the other. But the result of the holding in the *Herring Case* is that warrants of arrest cannot issue out of the criminal court on complaint made in any case of misdemeanor, and thus so much of the statute creating the criminal court as provides for the commencement of prosecutions for misdemeanors in that court by complaint and warrant of arrest under the forms prescribed by law for the commencement of prosecutions in the county court is limited, on unsubstantial grounds, and in a way which is not in accord with the general legislative purpose.

The decision in *Herring v. State* seems to have been controlled by the case of *Vann v. Adams,* 71 Ala. 475. In that case the question was whether a notary public appointed by the Governor and exercising the same jurisdiction as a justice of the peace had authority to issue an attachment returnable to the circuit court. Justices of the peace had that power. It was said that writs of attachment were unknown to the common law, that they are not ordinary process, do not issue out of a court, nor pertain to the exercise of the ordinary powers and jurisdiction of a court; and the ruling was that the constitutional provision conferring on notaries public the same jurisdiction as justices of the peace without more did not clothe them with those special

statutory powers granted to justices of the peace, which form no part of their jurisdiction, and which are not necessary to render that jurisdiction effectual. In *Douglass v. State,* 117 Ala. 185, 23 South. 142, the question was whether a notary and ex officio justice of the peace had power to issue a warrant of arrest in a bastardy proceeding. The statute requires that a bastardy proceeding be commenced by complaint on oath to a justice of the peace. Defendant's insistence was that the proceeding had not been legally instituted because by the terms of the statute an elective justice only could entertain the complaint.—*Vann v. Adams* was cited. Chief Justice Brickell, who had written the opinion in *Vann v. Adams,* said: "It is not doubted that the proceeding is in its essence judicial, and that the justice exercises jurisdiction as distinguished from merely ministerial or administrative power. The complaint is the inception of the proceedings, and, before issuing a warrant for the arrest of the accused, the justice must determine the sufficiency of the complaint. The warrant having issued, the justice must hear evidence, and from the evidence determine whether there is probable cause to believe the accused guilty. There is every element of jurisdiction as the term is applied to courts and judicial officers—the power to hear and decide a particular controversy; and there is more—a correspondence to the statute which authorizes justices of the peace to inquire preliminarily into the commission of criminal offenses." And after referring to cases, including *Vann v. Adams,* in which it had been settled that while notaries appointed by the Governor do not succeed to statutory power conferred on justices of the peace—power not pertaining to their jurisdiction—by force of the Constitution they are clothed with whatever of jurisdiction, civil or criminal, a jus-

tice of the peace may exercise, he added: "The distinction is between mere power not in its nature judicial, and jurisdiction." And the conclusion was that there was no doubt that the complaint was properly made before, and entertained by the notary, and that the proceedings were thereby legally instituted. It now, therefore, appears that, in reaching the conclusion that the Legislature did not intend to confer upon the judge of the criminal court the power to issue warrants of arrest on complaints of misdemeanor, the conclusion reached in *Herring v. State,* section 12 of the act was construed too narrowly.

It results that the judgment must be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, MAYFIELD, and EVANS, JJ., concur.