# Clewis v. The State.

## Violating Prohibition Law.

(Decided Feb. 2, 1911.  54 South. 540.)

1. *Courts; Bessemer City; Affidavit; Jurisdiction.*—The judge of the city court of Bessemer has jurisdiction to take an affidavit charging a violation of the prohibition law, and a warrant issued thereon is not insufficient because returnable to the judge of the city court of Bessemer instead of to the Bessemer City Court.

2. *Intoxicating Liquors; Sales; Affidavit; Sufficiency.*—An affidavit alleging that within twelve months before its making, the accused sold spirituous, vinous or malt liquors without a license and contrary to law, or sold spirituous, vinous or malt liquors contrary to law, sufficiently charges an offense; the omission in the alternate phrase of the affidavit of the words "without a license" being immaterial, since no license for the sale of liquor could be legally issued at that time.

3. *Same.*—An affidavit made Feb. 6, 1910, averring that within twelve months accused sold intoxicating liquors without a license and contrary to law, charges an offense not referable alone to a violation of the penal statute adopted at the special session of the legislature in 1909, more than twelve months after the general prohibition law went into effect, and it is, therefore, not subject to demurrer for failing to aver that the act charged was committed after the laws adopted at the special session 1909, went into effect.

4. *Same; Evidence; Sufficiency.*—Where a witness testified to a sale by the accused, and another witness also testified to a sale, but

[Clewis v. The State.]

there was a conflict between the witnesses as to where in the room the first witness was when the sale was made, but the latter witness was uncontradicted, the sale was proven without dispute and the court properly gave the affirmative charge.

5. *Witnesses; Bias; Materiality.*—Where the trial was for unlawfully selling liquor to the father of the state's witness the state of feeling between the witness and his father is not material.

6. *Same; Impeachment; Silence.*—The fact that a witness who testified in the city court did not deny a statement made by another while testifying as a witness in the mayor's court does not impeach such witness by silence, since the witness was under no obligation to interrupt the trial in the mayor's court to explain or correct such statement.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Gus Clewis was convicted of violating the prohibition law, and he appeals. Affirmed.

The affidavit was as follows: "Personally appeared before me, William Jackson, judge of the city court of Bessemer, in and for said county, George Dyson, who, being duly sworn, says that Gus Clewis, within 12 months before making this affidavit, in said county, sold spirituous, vinous, or malt liquors without a license and contrary to law or did sell spirituous, vinous, or malt liquors contrary to law, against the peace and dignity of the state of Alabama." The warrant commanded the arrest of Clewis and the bringing of him before the judge of the city court of Bessemer at the present term of said court.

The motion to quash was based on the ground that the same was not made before any officer authorized by law to take said application. Because, said affidavit was made and subscribed without the party making said affidavit stating to said judge the facts on which he relied to sustain a conviction, or for having probable cause for believing that this defendant was guilty of felony. Because it does not appear that the acts complained of occurred after the 25th day of August, 1909.

Several grounds setting up the unconstitutionality of the act.

Objection to the warrant was made, because it was made returnable before the judge of the city court of Bessemer, and not made returnable to the city court of Bessemer, or any other court of competent jurisdiction. Demurrers were filed, raising the same question raised by the motion to quash.

The objection to evidence is thus stated in the bill of exceptions: George Dyson, being on the stand, was asked: 'Did not your father accuse you that night of stealing his money?' On objection by the state, defendant stated that the purpose of the question was to show the motive of the witness in swearing out this warrant, and to show the bias of the witness. The question was then renewed, and objection sustained. The defendant then asked the following question of the same witness: 'Did you not hear your father testify in the mayor's court on the Monday following the time you are now testifying about, that he bought the whisky that night from a negro, and you failed to correct him?' "

THOMAS T. HUEY, for appellant. The judge of the city court of Bessemer is without authority to take affidavits and issue warrants.—Section 2, Acts 1900-1, p. 1854; Acts 1886-7, Section 14, p. 702; *Herring v. The State,* 158 Ala. 31. Although this case has been overruled by *Higdon v. Stuckey,* 53 South. 301, it is contended that the Herring case is the correct construction of law under the acts above cited. The jurisdiction conferred is on the court and not on the judge.—*Scott v. The State,* 37 South. 366; *Wright v. The State,* 34 South. 187. The affidavit was defective for failure to aver the time.— *Glenn v. The State,* 48 South. 505; *McIntyre v. The*

[Clewis v. The State.]

*State,* 55 Ala. 167. The general charge should have been refused.—*Brewer v. The State,* 113 Ala. 106; *Taylor v. The State,* 121 Ala. 24; *Dillard v. The State,* 44 South. 537. The court should have excluded the remarks of the solicitor that were objected to—*Cross v. The State,* 68 Ala. 476; *Piano v. The State,* 49 South. 803.

ALEXANDER M. GARBER, Attorney General, for the State. Since the case of *Higdon v. Stuckey,* 53 South. 301, it is established that the court or the judge of the city court of Bessemer may take affidavit and issue a warrant returnable before him. The state of feeling between the witness and his father is immaterial, and it is not competent to discredit a witness by questioning him as to independent facts.—*Carpenter v. The State,* 98 Ala. 31; *Ham v. Buck,* 156 Ala. 645. The argument of the solicitor was extreme, but justified by the circumstances.—*Downey v. The State,* 115 Ala. 108; *McNeel v. The State,* 102 Ala. 127. The state was properly given the affirmative charge.

McCLELLAN, J.—Under the authority of *Higdon v. Stuckey,* 169 Ala. 148, 53 South. 301, overruling *Herring v. State,* 158 Ala. 31, 48 South. 476, the affidavit here involved was not subject to the objection that it was taken without authority of law, by the judge of the city court of Bessemer. No sufficient reason is made to appear for a departure from the ruling thus made in *Higdon v. Stuckey, supra.* There was no merit in the criticism of the warrant because it was made returnable before the judge of the city court of Bessemer, rather than to that city court. The appearance bond was conditioned upon the presence of the defendant at the city court, in the regular form, and he was tried by that court.—*Toole v. State,* 170 Ala. 41, 54 South. 195.

The affidavit was sufficient. It was therein positively recited that the defendant committed an act or acts prohibited by the penal laws—a statement stronger than that usually employed in affidavits, viz., *probable cause for believing and does believe* that a criminal act or acts has or have been committed by the accused. The omission, in the alternative phase of the affidavit, of the words "and without a license" was immaterial, since subsequent to the going into effect of the general prohibition law, approved November 23, 1907 (Acts Sp. Sess. 1907, pp. 71-76), no license for the sale of the liquors described in the affidavit was legally issuable.

The affidavit charged an offense committed "within 12 months" before the 16th day of February, 1910, the date of the affidavit. The offense it charged was not referable alone to a violation of penal statutes adopted at the special session, 1909, of the Legislature, more than 12 months after the general prohibition law went into effect in January, 1908. It was therefore not defective, on demurrer, for failure to aver that the act or acts charged was or were committed after the laws adopted at the special session, 1909, went into effect.

There was no error in the rulings on the evidence. The state of George Dyson's (a witness introduced by the prosecution) feeling towards his (witness') father was entirely immaterial on the trial of this defendant for a sale of prohibited liquors to the father. The failure of George Dyson, if so, to deny a statement made by his father while testifying as a witness in the mayor's court, did not tend in any way to impeach or reflect upon the credibility of his testimony as given upon the trial of this defendant in the city court.

The evidential implications arising from silence, when one should deny or explain, do not arise under the circumstances just indicated.

There was of course no obligation on the son to interrupt the trial in the mayor's court to deny, explain, or correct what his father, then testifying, had stated, in order that an implication from his silence might be avoided.

George Dyson testified to the sale of prohibited liquors by defendant to his father. The witness Arthur Dyson likewise testified to a sale by defendant to their father. There was a conflict between these witnesses as to where, in the room, George was when the purchase and sale was made. Regardless of the acceptance of the different views in this particular, it is clear that the purchase and sale of liquor was indisputably shown; these being the only witnesses examined on the issue of sale vel non. Hence the affirmative charge with hypothesis was properly given to the jury at the instance of the prosecution. If the jury had been convinced that George Dyson was wholly discredited, impeached, and had ignored his entire testimony, still the uncontradicted testimony of Arthur Dyson justified the affirmative charge as given.

There was no error in respect of the court's ruling on the objection to the argument of the solicitor.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE. JJ., concur.