**MARKS v. ECKERMAN et al.**

Court of Appeals of District of Columbia. Submitted November 7, 1927. Decided December 5, 1927.

No. 4620.

Extradition ⬤ 35—Municipal court clerk, being "magistrate" in Ohio will be regarded as such within federal extradition statute (Gen. Code Ohio, §§ 1579—536, 4594; 18 USCA § 662).

A municipal court clerk having the status of a magistrate in Ohio, under Gen. Code Ohio, § 1579—536, clothing him with powers of police court clerk, authorized by section 4594 to issue warrants of arrest, will be regarded in District of Columbia as a "magistrate," within Rev. St. U. S. § 5278 (18 USCA § 662), requiring affidavit before magistrate to authorize return of fugitive from justice.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Magistrate.]

Appeal from the Supreme Court of the District of Columbia.

Petition by Bennie Marks for a writ of habeas corpus, discharging him from the custody of W. E. Eckerman and another, agents for the state of Ohio. From a judgment dismissing the petition, quashing the writ, and remanding petitioner to the custody of such agents, he appeals. Affirmed.

J. A. O'Shea and J. H. Burnett, both of Washington, D. C., for appellant.

Peyton Gordon and Neil Burkinshaw, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District of Columbia, dismissing a petition for habeas corpus, quashing the writ, and remanding petitioner, appellant here, to the custody of representatives of the state of Ohio for removal to that state.

By affidavits proper in form and substance, made before the clerk of the municipal court of the city of Akron, county of Summit, Ohio, appellant was charged with a violation of section 12437 of the General Code of Ohio, in that he had committed the crime of breaking and entering an inhabited dwelling house in the night, with intent to commit a felony. The prosecuting attorney for the county officially notified the Governor that appellant had been so charged and had fled to the District of Columbia. Thereupon the Governor made a requisition on the Chief Justice of the Supreme Court of the District, who issued his warrant for the arrest of appellant and for his delivery into the custody of the agents of the state of Ohio. Appellant sued out a writ of habeas corpus, and sought discharge from custody, upon the ground that he was illegally restrained of his liberty.

The only material question here is whether the clerk of the municipal court of Akron is a magistrate, within the meaning of section 5278 of the Revised Statutes of the United States (18 USCA § 662). In Compton v. Alabama, 214 U. S. 1, 29 S. Ct. 605, 53 L. Ed. 885, 16 Ann. Cas. 1098, it was held that an affidavit before a notary public is sufficient, under section 5278, upon which to base a demand for the return of a fugitive from justice, if such officer is, as regarded in Georgia, a magistrate under the law of that state. The court said: "The record shows that the affidavit, a copy of which accompanied the requisition of the Governor of Georgia, was made, as we have already said, before a notary public. Was that sufficient under section 5278 of the Revised Statutes, requiring an affidavit to be made before a 'magistrate'; that is, before one who could properly be deemed a magistrate, within the meaning of the law of the state under whose authority he acts as notary public, and in which his duties are discharged?

In a general sense a magistrate is a public civil officer, possessing such power, legislative, executive, or judicial, as the government appointing him may ordain. In a narrow sense, a magistrate is regarded—perhaps, commonly regarded—as an inferior judicial officer, such as a justice of the peace. 2 Bouvier, Law Dic. (Rawle 2d Rev.) 289. But the appellation of magistrate 'is not confined to justices of the peace, and other persons, ejusdem generis, who exercise general, judicial powers; but it includes others whose duties are strictly executive.' Anderson's Dictionary of Law, 643, 644. * * * When it appears, as it does here, that the affidavit in question was regarded by the executive authority of the respective states concerned as a sufficient basis, in law, for their acting—the one in making a requisition, the other in issuing a warrant for the arrest of the alleged fugitive—the judiciary should not interfere, on habeas corpus, and discharge the accused, upon technical grounds, unless it be clear that what was done was in plain contravention of law."

By section 1579—536 of the Ohio Code a clerk of the municipal court is clothed with the powers and duties of a clerk of the police court. Section 4594 of the Ohio Code clothes the clerk of the police court with authority to issue warrants of arrest and search warrants. That section reads in part as follows: "When an affidavit is filed with him [clerk] for a peace warrant, search warrant, or charging any person with the commission of an offense, the clerk of police court shall have power to issue a warrant under the seal of such court to arrest the accused or search the place described."

In Rosanski v. State, 106 Ohio St. 442, 140 N. E. 370, the constitutionality of this grant of power to the clerk of the municipal court was sustained. After adverting to the fact that it had been the universal practice for more than 50 years for such clerks to issue warrants for arrest, the court said: "It requires no word picture to show how disastrous it would be to require that in all instances the judges of the municipal court, or other courts having clerks, be found before a warrant can be issued for the arrest of persons accused of offenses against our criminal laws."

A municipal court clerk in Ohio, having the status there of a magistrate, will be so regarded here. It follows that the decision below was right, and the judgment therefore is affirmed, with costs.

. Affirmed.