EX PARTE JOHNNIE BRAZALE GRISAFFI.

No. 21374. Delivered November 13, 1940.

The opinion states the case.

*Taylor, Irwin & Irwin* (By Ivan Irwin and T. K. Irwin, Jr.) of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was held in jail by the Sheriff of Dallas County. He made application for writ of habeas corpus to a judge of the District Court of Dallas County, who issued the writ directing the sheriff to appear and show by what authority he was holding appellant. The answer of the sheriff discloses that he was holding appellant upon a capias issued by the Clerk of the Corporation Court of the City of Galveston, Texas, which said capias had been endorsed by the District Judge of the 10th Judicial District of Texas, upon a complaint filed in the City Court of Galveston charging the appellant with the offense of robbery by the use of firearms. Attached to the answer in behalf of the sheriff was the following capias.

"The State of Texas. In the Corporation Court in Galveston, Texas.

"To the Chief of Police or any policeman or Marshall of the City of Galveston, Greeting:

"You are hereby commanded to arrest John Brazil Grassiffi, and him safely keep, so that you have him before the Honorable Corporation Court in Galveston, in Galveston County, on the Instanter, A. D. 1940, at 9:00 A. M. then and there to answer The State of Texas upon a charge by Officer Burns pending in said Court, wherein said defendant is charged with the offense Robbery by Assault with Firearms.

"Herein fail not, but of this Writ make due return on the Instanter A. D. 19_____ showing how you have executed the same.

"Witness my signature and official seal, at office in said City of Galveston, this 5th day of Sept. A. D. 1940. Gus Opperman (signed) Clerk of the Corporation Court, City of Galveston.

"Let this warrant be served in any county in Texas. (J. C. Canty, Judge 10th District Court of Texas) (signed.) Officer's Return.

"Came to hand the 6th day of September A. D. 1940, and executed the 6th day of September A. D. 1940 by arresting the defendant and placing in Dallas County Jail. R. A. Schmid, Sheriff of Dallas County, Texas, by J. E. Decker, (signed) Deputy."

Upon a hearing appellant was remanded, hence this appeal.

The point is made that the capias in question is signed by Gus Opperman as Clerk of the Corporation Court of City of

Galveston, a person unauthorized to issue a warrant under Art. 224 C. C. P. Officer Burns from Galveston testified over objection that Opperman was in fact Recorder of the Corporation Court of the City of Galveston.

Art. 33 C. C. P. designates as "magistrates": "* * * The judges of the Supreme Court, the judges of the Court of Criminal Appeals, the judges of the district court, the county judge, any county commissioner, the justices of the peace, the mayor or recorder of an incorporated city or town."

Articles 223 and 224 of the Code of Criminal Procedure as amended in 1905, read as follows:

"* * * A warrant of arrest, issued by any county or district clerk, or by any magistrate (except county commissioners or commissioners courts, mayors or recorders of an incorporated city or town,) shall extend to any part of the state; and any peace officer to whom said warrant is directed, or into whose hands the same has been transferred, shall be authorized to execute the same in any county in this State."

"* * * When a warrant of arrest is issued by any county commissioner or commissioners court, mayor or recorder of an incorporated city or town, it can not be executed in another county than the one in which it issues, except:

"1. It be indorsed by a judge of a court of record, in which case it may be executed anywhere in the State, * * *"

The Clerk of the Corporation Court of the City of Galveston was not a magistrate under the provision of the statute here applicable and had no authority thereunder to issue the capias in question. The capias being invalid in the first instance could not be vitalized by the endorsement of the District Judge of the 10th Judicial District. Such an endorsement under the statute controlling only extends the operation of an authorized capias to outside counties.

If Opperman was the Recorder of the Corporation Court of the City of Galveston he should have issued the capias in that capacity. The capias would then have met the requirements of Arts. 223 and 224 of the C. C. P. regarding warrants to be executed outside the county where issued.

We are of opinion that appellant was illegally held in custody under the capias described and was entitled to his discharge.

The judgment remanding appellant is reversed and he is ordered discharged.