103 So.2d 824

**Richard MAHALEY**

v.

**STATE.**

**8 Div. 227.**

Court of Appeals of Alabama.

June 10, 1958.

David U. Patton, Athens, for appellant.

John Patterson, Atty. Gen., and Wm. C. Younger, Asst. Atty. Gen., for the State.

CATES, Judge.

On July 3, 1957, we granted Mahaley's petition that a writ of error issue to review the judgment and proceedings of the Limestone County Court arising out of his arrest and conviction on a charge of driving while intoxicated, resulting in a plea of guilty, upon which the court assessed a fine of $100, and sentenced the defendant to three months' hard labor. Mahaley also takes an appeal, the appeal and response to the writ being apparently upon the same record.

The principal complaint is that the provisions of § 170 of the Constitution, viz.:

"The style of all processes shall be 'The State of Alabama,' and all prosecutions shall be carried on in the name and by the authority of the same, and shall conclude 'against the peace and dignity of the state.' "

have not been complied with, in that the complaint or affidavit, which led to the issuance of a warrant for Mahaley's arrest, is headed "In the Limestone County Court." This complaint, after setting out the gravamen of the offense, concludes "against the peace and dignity of the State of Alabama."

In this consideration, we note that the warrant of arrest issued by the clerk of the court commences "The State of Alabama Limestone County," and is addressed "To any Lawful Officer of The State of Alabama."

Another matter complained of is that the complaint was not made before a magistrate in compliance with § 8 of the Constitution, as amended (Amendment 37), and of Code 1940, T. 15, § 119:

Amendment 37: "No person shall, for any indictable offense, be proceeded against criminally, by information * * *; provided, that in cases of misdemeanor, the legislature may by law dispense with a grand jury and authorize such prosecutions and proceedings before justices of the peace or such other inferior courts as may be by law established. * * *"

Section 119: "The complaint is an allegation, made before a proper magistrate, that a person has been guilty of a designated public offense."

Any question under § 8 of the Constitution, as amended, would appear to have been dissipated by the decision of the Supreme Court (relating to the effect of a similar mode of beginning a misdemeanor case in the Madison Circuit Court) in Gaines v. State, 215 Ala. 361, 110 So. 601.

The complaint or affidavit, as noted above, was made before the clerk of the Limestone County Court, who is thereunto authorized by the provisions of § 8(a) of Act No. 172, approved June 30, 1953, Acts 1953, p. 215, amending Act No. 199, approved July 24, 1947, Local Acts 1947, p. 113. Pertinently said, § 8(a) provides as follows:

"No prosecution shall be commenced in the court except by transfer from the circuit court of Limestone County or upon sworn complaint made to either the judge, clerk or solicitor of the court, who shall issue a warrant of arrest if he is reasonably satisfied that the offense has been committed and that there is a reasonable cause to believe that the accused is guilty. * * *"

As to this latter question, we see no conflict with the provision of § 119 of T. 15, supra, nor of the constitutional provision in § 8. We have recently passed upon a prosecution begun by a complaint sworn to before the clerk of the Jackson County Court (Weeks v. State, Ala.App., 97 So.2d 161), but there no question was raised against the modus operandi not being a valid means of commencement of a criminal prosecution, because the clerk was not a "magistrate" within the meaning of § 119, supra.

Here Mahaley contends that to be a "magistrate" under § 119 the officer must be one within the meaning of Code 1940, T. 15, § 399, which is primarily an enumeration of "magistrates" who may put a person under a peace bond. Mahaley continues his argument (based on § 399 being an exclusive enumeration binding as to § 119) by asserting that the provision for making complaint to the clerk or solicitor supersedes a general law with a local one contrary to § 105, Constitution 1901.

In Compton v. State of Alabama, 214 U. S. 1, 29 S.Ct. 605, 607, 53 L.Ed. 885, affirming 152 Ala. 68, 44 So. 685, we find approval of Story's definition of a magistrate as "a person clothed with power as a public civil officer."

There are instances where clerks of courts have been held to be "magistrates" within the meaning of divers statutes: People ex rel. Hollander v. Britt, 195 Misc. 722, 92 N.Y.S.2d 662, affirmed 276 App.Div. 815, 93 N.Y.S.2d 704 (clerk of Indiana Circuit Court within meaning of 18 U.S.C. § 3182); State ex rel. Miller v. McLeod, 142 Fla. 254, 194 So. 628 (deputy clerk City Court of Rochester, N. Y.); Marks v. Eckerman, 57 App.D.C. 340, 23 F.2d 761 (Ohio municipal court clerk per authority of Rosanski v. State, 106 Ohio St. 442, 140 N.E. 370); Mitchell v. Stoutamire, 113 Fla. 822, 152 So. 629 (clerk of California justice of peace); contra: Bowen v. State, 5 Okl.Cr. 605, 115 P. 376 (statute held not to authorize county court clerk to issue warrant); State ex rel. Huston v. Clark, 121 Fla. 161, 163 So. 471 (Ohio municipal court clerk,

cf. Marks v. Eckerman, supra); Ex parte Grisaffi, 140 Tex.Cr.R. 253, 144 S.W.2d 547 (clerk of corporation court not magistrate within meaning of statute designating scope of arresting authority under various warrants). Cf. Holloway v. State, 38 Ala.App. 501, 88 So.2d 700.

We quote from People ex rel. Hollander v. Britt, supra [195 Misc. 722, 92 N.Y.S. 2d 665]:

"The term 'magistrate' has no single or universal meaning. 'It may be used as a generic term with a general sense, or in a narrow or strict sense.

" 'In its narrow sense a magistrate is regarded, perhaps commonly so, as an inferior judicial officer, such as a justice of the peace; * * * an officer having power to issue a warrant for the arrest of a person charged with the commission of a crime or public offense.

" 'In its general sense the term imports a public officer, exercising a public authority; a public civil officer, possessing such power, legislative, executive, or judical, as the government appointing him may ordain; a person clothed with power as a public civil officer.' 48 C.J.S. Judges § 2, p. 951, citing Compton v. [State of] Alabama, supra,

\* \* \* \* \* \*

"It thus appears that, where the prosecution is by affidavit under the Indiana statutes, the prosecuting attorney is empowered to determine whether to file the charge and the clerk is authorized to issue the warrant thereon, in the absence of any direction by a court or judge. Under this procedure, the clerk functions as the magistrate. He issues the warrant of arrest. He is the only public official to whom the matter is presented by the prosecuting attorney in order to initiate the prosecution. It is obviously appropriate that the affidavits of the witnesses should be taken before the clerk and such affida-

vits are, in my opinion, affidavits 'made before a magistrate' within the meaning of the Federal Statute."

■ Unlike the Oklahoma court in the Bowen case, supra, we do not consider it necessary to decide the scope of "magistrate" as used in § 119, supra, since we find nothing to prevent the enactment of a variant (if a clerk and solicitor were held not to be "magistrates"). See Herring v. State, 158 Ala. 31, 48 So. 476, overruled by Higdon v. Stuckey, 169 Ala. 148, 53 So. 301; Redd v. State, 169 Ala. 6, 53 So. 908; Clewis v. State, 171 Ala. 46, 54 So. 540. In Holloman v. State, 37 Ala.App. 599, 74 So.2d 612, 614, we said:

"The record affirmatively shows the affidavit and warrant upon which appellant was tried in the County Court.

"It is appellant's contention however that the affidavit is void because it was executed before the County Solicitor of Coosa County instead of a magistrate.

"This contention is without merit. By Section 229(3), Title 13, Code of Alabama 1940 (pocket part), Solicitors, by whatever name, are empowered to take oaths in support of complaints and to issue warrants in all criminal cases, provided such warrants are returnable to a court having original jurisdicition of the offense charged. The warrant issued in this case was returnable to the County Court of Coosa County, a court having original jurisdiction of the offense charged.

"While the ascertainment of probable cause upon which to issue a warrant of arrest involves the exercise of a judicial function, as distinguished from merely administrative or ministerial powers, yet the legislature may commit such functions to ministerial officers because it is not final. Higdon v. Stuckey, 169 Ala. 148, 53 So. 301; Gladden v. State, 36 Ala.App. 197, 54 So.2d 607. This being so, it is clear that the Solicitor's complaint in this cause was supported by a proper affidavit."

In Talley v. Webster, 225 Ala. 384, 143 So. 555, in discussing a local act requiring unlawful detainer complaints before justices of the peace in Mobile County to have an affidavit before the justice of facts showing that such suit is authorized by law, the court, in discussing the inapplicability of § 105 of the Constitution, said:

"We need not review the numerous cases construing this section. Suffice to say it does not inhibit the passage of local laws on subjects, not prohibited by section 104, merely because such local law is different, and works a partial repeal of the general laws of the state in the territory affected.

"Manifestly, the local act in question, in several respects, changes the existing law regulating the jurisdiction of suits in the justice courts in Mobile county. Whether there was occasion to remedy some evil of this character in Mobile county was a legislative, not a judicial, question. The act in question is not violative of section 105 of the Constitution. * * *"

■ As to the provision of our Constitution, § 170, quoted above, we do not consider that this provision means that papers relating to a prosecution must commence with the shibboleth "The State of Alabama ——— County," but rather that the record must affirmatively show that the prosecution is being carried out in the name and by the authority of the State of Alabama rather than by some other sovereign or private authority, such as would render the prosecution ineffective. In Ex parte Nightingale, 12 Fla. 272, 277, where Nightingale was held before a body entitled the Commissioners of Pilotage of the Port of Pensacola on a charge of fraud, the Supreme Court of Florida, in liberating him on a writ of habeas corpus, held that this type of private prosecution was imperium in imperio.

The majority of decisions from other jurisdictions show that where by mere inadvertence the name of the sovereign is omitted from an indictment or information, this omission, while not in good form, is not a fatal defect, so that we have the following expressions which appear to be apt:

"The Constitution also provides 'Prosecutions shall be carried on in the name of the State.' At common law prior to the Revolution prosecutions were carried on in the name of the King. When we became an independent State it became necessary to provide that prosecutions should be carried on in the name of the new sovereign—the sovereign State. I am of the opinion that the only object of this constitutional provision was to exclude and prohibit prosecutions by any foreign authority, by any individual or by any lesser domestic political subdivision and to assert the sovereignty and supremacy of the State as paramount. The provision seeks to make clear the source of the sovereign power of prosecutions rather than to require that such sovereign power be described with meticulous particularity.

"In [Town of] Dover v. Tawressey, 2 Marv. 285, 43 A. 170, the Court held that a prosecution could not be in the name of the Town of Dover but should have been in the name of the State of Delaware. See, also, Allen v. Commonwealth, 2 Bibb (Ky.) 210; Greeson v. State, 5 How. (Miss.) 33; Ex parte Nightingale, 12 Fla. 272; Wrocklege v. State, 1 Iowa 167; Savage v. State, 18 Fla. 909, at [page] 948." May v. State, 3 W. W. Harr. (Del.) 160, 132 A. 861, 862.

The companion case in Delaware which is often cited is State v. Vandegrift, 3 W. W. Harr. 154, 33 Del. 154, 132 A. 858.

The question apparently seems to have been raised in one of the earliest decisions in 1810 in the case of Allen v. Commonwealth, 2 Bibb 210, 5 Ky. 210, where the court said:

"The first objection is predicated upon the constitutional requistion, 'that all prosecutions shall be carried on in the name and by the authority of the commonwealth of Kentucky.' The indictment is in the usual form in the name of the commonwealth, and concludes against its peace and dignity, but does not express to be found by the authority of the commonwealth. Such an expression is however wholly unnecessary. At common law, prior to the revolution, prosecutions were carried on in the name and by the authority of the king, in his political capacity; but the forms of indictment shew that it was unnecessary to be expressed to be found by his authority. When we threw off the regal government and adopted the republican form, it became necessary to provide that prosecutions should be carried on in the name and by the authority of the commonwealth; but as under the regal, so under our present form of government, it is equally unnecessary that an indictment should expressly aver by what authority it is found and carried on. This indictment was, as all other indictments be, carried on by the authority of the commonwealth of Kentucky, and not by the authority of any other power; and that is alone what the constitution requires."

Our sister state of Mississippi, in Greeson v. State, 5 How. 33, 6 Miss. 33, followed the Allen case.

In the recent Kentucky case of Dixon v. Commonwealth, 288 Ky. 57, 155 S.W.2d 455, the Court of Appeals there had occasion to consider also the expression "process," and alluded to certain cases which held in line with the Nightingale case, supra, that a provision in a constitution as to process being in the name of the State was mandatory, but the Kentucky court points out that process is not the same as indictment.

 

Reference in authorities is often made to Caples v. State, 3 Okl.Cr. 72, 104 P. 493, 26 L.R.A., N.S., 1033, in which latter annotation reference is made to many other decisions.

█ Since the warrant of arrest begins with the expression "The State of Alabama Limestone County," there is no question in our minds but that the "process" in this instance, i. e., the originating process, for the arrest of the defendant, was in the name of the State of Alabama, and we think it only a fair reading of the record which shows an organization of the court commencing with the scilicet and heading, "State of Alabama, Limestone County," with the recitation that "the following proceedings were had and done in a certain cause styled: The State of Alabama, plaintiff, vs. Richard Mahaley, defendant," declares without contradiction that the prosecution was made in the name and by the authority of the State of Alabama.

The Attorney General has filed a motion to dismiss the petition for the writ on the ground that it affirmatively appears that the return to the writ is identical to the record on appeal, and that the appeal was taken before the writ was sought. We have not been cited to any authority that this double-barreled application is necessarily inconsistent yet from the questions raised in the light of the plea of guilty, we cannot but concede that the procedure under one view is susceptible of being interpreted as having for its purpose the filing of such a petition to elicit from this court an opinion upon which to predicate delay. Mahaley's failure to raise below the questions here presented lends weight to the State's contention.

██ We think the Attorney General's motion (which also asks for recall and quashal of the writ, and for the striking of the return) is well taken, and, accordingly, grant the motion. Upon the appeal, in accordance with our usual practice on appeals from pleas of guilty or where no transcript of testimony is forwarded, after having reviewed the record as required by statute (Code 1940, T. 15, § 389), we affirm the judgment of the court below without opinion.

Motion to dismiss petition for writ of error and to strike return thereon granted; cause affirmed on the merits without opinion.