104 So.2d 326

**Robert Dillard GARMON**

v.

**STATE.**

**8 Div. 404.**

Court of Appeals of Alabama.

June 24, 1958.

David U. Patton, Athens, for appellant.

John Patterson, Atty. Gen., and John F. Proctor, Asst. Atty. Gen., for the State.

CATES, Judge.

Garmon plead guilty in the Limestone County Court to a charge of operating a motor vehicle upon a public highway carelessly and heedlessly in wilful or wanton disregard to the rights or safety of others (Code 1940, T. 36, § 3).

This appeal is from a judgment denying a new trial. All of the grounds therefor were considered and decided adversely to Garmon's contention in Mahaley v. State, Ala.App., 103 So.2d 824,[1] except a question raised because the printed form of affidavit and warrant is in a "multiple choice" format, with the statement "did commit the offense indicated below by 'x' mark," and yet in this case the affiant used a check mark rather than an "x."

The American Bar Association, in its work to improve traffic court administration, has encouraged this sort of a form for traffic tickets.

Where there is no evidence to prove that the warrant was, in effect, blank when the affiant swore and subscribed to the complaint, we hold there is no error to use such a form.

The difference between a check mark and the use of an "x" to indicate what offense the defendant must answer is tweedledum and tweedledee.

We have reviewed the entire record as we are required to do by Code 1940, T. 15,

1. Ante, p. 472.

§ 389, and find nothing therein that has probably injuriously affected any substantial right of the defendant.

Affirmed.