# Collins *v.* The State.

*Indictment for Using Abusive or Obscene Language in Presence of Female.*

1. *Right of trial by jury under constitutional provision.*—The constitutional right of trial by jury, in all prosecutions by indictment, contemplates a common-law jury of twelve men; and this must either be given in the court of original jurisdiction, or secured by a right of appeal to a higher court in which such trial may be had.

2. *County Court of Barbour; constitutionality of law regulating trial of misdemeanors in.*—The act approved February 20th, 1889, entitled "An act to regulate the trial of misdemeanors in Barbour county" (Sess. Acts 1888-9, pp. 501-08), which requires the transfer to the County Court of all prosecutions by indictment commenced in the Circuit Court, provides for a jury of eight men only, and gives an appeal directly to the Supreme Court, is violative of the constitutional guaranty of the right of trial by jury; and all the machinery provided by said act for the trial of such cases being dependent on the provision for such illegal juries, the entire act is void.

FROM the County Court of Barbour.

Tried before the Hon. A. M. ALSTON.

The indictment in this case was found in the Circuit Court of Barbour, at the June term, 1889, and charged that the defendant "did make use of abusive, insulting, or obscene language, in the presence, or within the hearing of Mary Davis, a female." At the end of the term, the case was transferred, with others, by order of the court, to the County Court, under the provisions of the act approved February 20th, 1889.—Sess. Acts 1888-9, pp. 501-08. In the County Court, as appears from the judgment and the bill of exceptions, the court having organized a jury of eight men as pro-

[Collins v. The State.]

vided by said special statute, " required the defendant to
pass upon said jury;" but he declined to do so, and objected
to being tried by a jury of eight men.   The court then
organized a jury of twelve men, " and required the defend-
ant to say whether or not he would accept said jury;" but he
declined to do so, and denied the right of the court to organ-
ize such jury; which objections the court overruled, and pro-
ceeded with the trial.   On the evidence adduced, the defend-
ant requested the court to instruct the jury that, if they
believed it, they must find him not guilty; and he excepted
to the refusal of this charge, as also to the overruling of his
other objections.

H. D. CLAYTON, A. H. MERRILL, WM. C. SWANSON, and
G. L. COMER, for appellant, contended that the law under
which the prosecution was conducted was unconstitutional,
and cited the following authorities: Const. Ala., Art. I,
§§ 7, 12; *Woodward Iron Co. v. Cabaniss*, 87 Ala. 328;
*So. Railway Co. v. Sayre*, 72 Ala. 443; Cooley's Const. Lim.,
4th ed., 223, 177-8; *Powell v. State*, 69 Ala. 13; *S. & N.
R. R. Co. v. Morris*, 65 Ala. 198; *Stewart v. County Comm'rs*,
82 Ala. 209; *Allen v. Louisiana*, 103 U. S. 80; *Lehman v.
Robinson*, 59 Ala. 219.

WM. L. MARTIN, Attorney-General, with L. H. LEE, and
J. M. WHITE, for the State.—The defendant was tried by a
jury of twelve men, and he has nothing to complain of.
Besides, the General Assembly may dispense with a jury in
cases of misdemeanor.—Const. Ala., Art. I, § 9; *Connelly v.
State*, 60 Ala. 89.

SOMERVILLE, J.—The controlling point of contention
in the present case is the alleged unconstitutionality of the
act approved February 20th, 1889, entitled "An act to regu-
late the trial of misdemeanors in Barbour county."—Acts
1888–89, pp. 501–508.

This statute confers on the County Court of Barbour
county jurisdiction of all misdemeanors committed in that
county, and provides for the transfer to that tribunal of all
indictments pending and untried in the Circuit Court on the
day of adjournment of any term, and regulates in detail the
procedure authorized to be adopted on such trials.

The vital objection urged to the act is, that it expressly
provides for the trial of such cases by a jury of only *eight*

[Collins v: The State.]

persons, instead of twelve, and authorizes an appeal upon conviction directly to the Supreme Court only, thus depriving the defendant of his constitutional right of trial by jury. The Constitution of Alabama declares that "the right of trial by jury shall remain inviolate," and, in all prosecutions by indictment, that the accused shall have "a speedy public trial by an impartial jury" of the county or district in which the offense was committed.—Const. 1875, Art. I, §§ 7 and 12.

It does not admit of controversy, that the jury contemplated by these clauses of the Constitution is a common-law jury of twelve men, and that a jury constituted of a less number than this is not a constitutional jury.—*Woodward Iron Co. v. Cabaniss*, 87 Ala. 328; Cooley's Const. Lim. (5th Ed.), 391; Sedgwick Stat. & Const. Law (2d Ed. Pomeroy), 493, and *note; Flint River St. Co. v. Roberts*, 48 Amer. Dec. 178, 193, *note; Wynehamer v. People*, 13 N. Y. 378; *Work v. State*, 2 Ohio, N. S. 296; *Vaughn v. Scade*, 30 Mo. 600; *State v. Kaufman*, 1 Cr. Law Mag. 57, note 61; *M. & Fla. Railway Co. v. McKenzie*, 85 Ala. 546.

There are cases, it is true, where the General Assembly is constitutionally authorized to dispense with a grand jury, and to authorize by law the prosecution of certain misdemeanors before justices of the peace, and other inferior courts.—Const. 1875, Art. I, § 9. And in such case, the statute authorizing the waiver of jury trial by the defendant, after transfer of an indictment for misdemeanor to an inferior court, has been held to be free from constitutional objection.—*Connelly v. The State*, 60 Ala. 89; 31 Amer. Rep. 34. So, where a right of appeal is secured to a higher court, with a right of trial there by a common-law jury, the right may even thus be practically preserved.—Sedgwick Const. Law (Pomeroy, 2d Ed.), 491.

This case falls within none of these exceptions, or modifications of the general rule under discussion.

A close inspection of the statute under consideration leaves no doubt as to what was the legislative intent as to the composition of the only kind of jury authorized to be organized under its provisions. It is a jury of eight persons, and none other. It is declared, that "if a jury is demanded, the court shall make an entry thereof on the record, and proceed as *herein* provided"—meaning thereby in the mode prescribed by the act.—Acts 1888–89, p. 502, sec. 6. It is thereupon provided, that the petit juries "shall consist of two panels of *eight men* each, and shall be selected as

[Collins v. The State.]

herein provided," but may be impanelled under the general law. So, the authority to order special *venires*, and select tales jurors, under the general jury law as it stands in the Code, is coupled with the limitation, "except as modified by this act."—P. 507, sec. 24. And again, the general jury law is declared applicable, "*except* as modified or repealed by this act."—Sec. 25.

A guarded caution is thus manifest, that the authority of the County Court to organize juries shall be limited to juries composed of *eight* persons. The intention to exclude the power to increase the number to twelve is as clear as language can make it, short of express prohibition. By necessary implication we are driven to the conclusion, that the jurisdiction attempted to be vested in this court embraced the power to organize but one sort of jury, and that is a jury of eight men. This feature of the law, under the authorities cited above, is palpably unconstitutional.

Striking out the section authorizing the organization of these imperfect juries, as void, and we have an act authorizing the trial of a defendant on an indictment, without providing for a trial by jury in any mode, either directly by the court on which jurisdiction is conferred, or by appeal to another tribunal in which the right is secured. This was not the legislative intention, and if it were, the act is repugnant to the clauses in the Declaration of Rights above cited, which provide for a jury trial by twelve men, in all prosecutions by indictment, and the purpose of which was to preserve the right inviolate.

In this view of the case, under the authorities, the whole act must fall.—*S. & N. R. R. Co. v. Morris*, 65 Ala. 198; *Powell v. State*, 69 Ala. 13; *Stewart v. County Comm'rs*, 82 Ala. 209; *Allen v. Louisiana*, 103 U. S. 80; *Ex parte Roundtree*, 51 Ala. 42; *Elsberry v. Seay*, 83 Ala. 614.

The judgment must be reversed. We can not remand the cause to the County Court, because the statute above discussed purporting to give that tribunal jurisdiction is void and inoperative, and confers no jurisdiction.

We do not decide the question whether the cause has, or has not, been discontinued in the Circuit Court by the attempted removal therefrom, but leave this an open inquiry. *Ex parte Rivers*, 40 Ala. 712.

NOTE.—In the cause of *John Sammons v. The State*, from the same court, the same judgment was rendered, on the authority of the above case.