# McClellan v. The State.

*Indictment for Selling Spirituous Liquors Contrary to Law.*

1. *Selling spirituous or vinous liquors; sufficiency of indictment.* Under the statute making it unlawful "to sell, give away or otherwise dispose of any sprituous, vinous or malt liquors," in a certain county, an indictment which charges that the defendant "sold, gave away or otherwise disposed of spirituous, vinous or malt liquors without a license and contrary to law," etc., in said county, is sufficient, and is not subject to demurrer for charging the commission of offenses in the alternative.

2. *Trial and its incidents; waiver of trial by jury.*—Where the statute establishing a City Court authorizes the court to try misdemeanors by the judge without the intervention of a jury, unless the defendant, within the first three days of the jury term, after the docketing of the case should, in writing, demand a trial by jury, a failure on the part of the defendant to make the demand as required, operates as a waiver of trial by jury, which the defendant can not subsequently, of his own volition, retract; and after such waiver, the defendant can not be heard subsequently to complain of being deprived of trial by jury.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

The appellant was tried and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment that Sam McClellan, alias Samuel McClellan, sold, gave away, or otherwise disposed of spirituous, vinous, or malt liquors without a license and contrary to law, against the peace and dignity of the State of Alabama." The defendant demurred to this indictment upon the following grounds: 1. Because there are three alternative or disjunctive averments in said indictment, as follows: (1) "sold," (2) "gave away," (3) "or otherwise disposed of" spirituous, vinous or malt liquors without a license and contrary to law; and two of said averments, viz., "gave away and otherwise disposed of" without a license and contrary to law, as averred in said indictment, do not charge any criminal offense under the law. 2. Because said indictment charges that the defendant "gave away or otherwise disposed of" liquor, which is not unlawful under the general law of the State, and said indictment fails to charge that it was done in violation of any local law prohibiting the same, and it fails to allege in what prohibited locality the liquor was given away or otherwise disposed of by the defendant. 3. Because said indictment fails to allege that the three alternatives "sold," "gave away" or "otherwise disposed of," or either of them, occurred in any locality where they were legally prohibited. This demurrer was overruled, and the defendant duly excepted.

This cause was docketed in the city court on October 14, 1897. On February 9, 1898, the day of the defendant's trial, the defendant for the first time objected to being tried by the court without a jury. Upon it being shown when the cause was docketed, the court overruled the objection, and to this ruling the defendant duly excepted.

No counsel marked as appearing for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

BRICKELL, C. J.—The indictment is founded on the

statute, approved February 9th, 1897, (Pamph. Acts, 1896-97, p. 683), which renders it unlawful, and an indictable misdemeanor, "to sell, give away, or otherwise dispose of any spirituous, vinous, or malt liquors, in Calhoun county," with an exception of towns or cities having authority to regulate and license the sale of such liquors within their territorial limits. The indictment corresponds to the form of indictment prescribed by the Code, for the sale of such liquors without license.—Cr. Code, 1896, Form 79. The form is by section 5077 of the Code declared sufficient for the violation of any special and local laws regulating or prohibiting the sale of such liquors. The indictment pursues the words of the statute, *sell, give away, or otherwise dispose of.* A sale, or a gift, or other disposition, is violative of the statute, constituting an offense of the same character, subjecting to the same punishment. With the commission of either, the statute authorizes the defendant to be charged in the alternative in the same count.—Cr. Code, 1896, §4913. The demurrers to the indictment were properly overruled.

Since the decision in *Connelly v. State,* 60 Ala. 89, it has been regarded as settled that a defendant charged with a misdemeanor, may of his own election waive a trial by jury, and submit to a trial by the court. Upon this theory a number of inferior courts have been created and organized, and it is now too late to enter upon a discussion of it. The statute declaring the power and jurisdiction of the city court authorizes the trial of misdemeanors by the judge without the intervention of a jury, unless the defendant within the first three days of the jury term, after the docketing of the case, in writing demands a trial by jury, and neglect to make the demand operates a waiver of the right to such trial. The statute afforded the defendant full opportunity to elect a trial by jury if he had desired it. The cause was docketed in the court, and all that was required of him was the expression in writing within the prescribed time of his demand for such trial. When the whole statute is read, the manifest purpose of the requirement, is, that the court should be the better able to control the summoning and attendance of juries during the term, facilitating the transaction of business. Neglecting to make the demand was a waiver of trial by jury; a

[Curtis v. The State.]

waiver he could not subsequently of his own volition retract. If there were any peculiar circumstances, attending the waiver, which in the exercise of a sound judicial discretion would have justified the court in relieving defendant from its consequences, they are not disclosed by the record.

We find no error in the record, and the judgment must be affirmed.