# Redd *v.* The State.

## *Violating Prohibition Law.*

(Decided Dec. 8, 1910. 53 South. 908.)

1. *Indictment and Information; Affidavit.*—Under the provisions of section 8, Constitution 1910, it is competent for the legislature to provide for the commencement of prosecution in the inferior and criminal courts of Jefferson county on affidavit, without indictment by the grand jury.

2. *Same; Affidavit; Sufficiency.*—Where the affidavit alleges specifically that the accused committed the offense charged, it was stronger than the allegation of probable cause, and hence, was sufficient.

3. *Jury; Trial by; Waiver.*—One charged with a misdemeanor in the Jefferson Criminal Court who does not demand within the time prescribed by the act, a trial by jury, waives his right thereto.

4. *Courts; Judges; Process.*—Where the warrant was in fact returned to the court, and the defendant gave an appearance bond to appear at that court, and appeared before the court and not before the judge thereof, the fact that the warrant was returnable before the judge thereof instead of the court, did not invalidate either the warrant, the complaint or the conviction.

(Mayfield, J., dissenting in part.)

[Redd v. The State.]

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

From a conviction of violating the prohibition law Jim Redd appeals. Affirmed.

See also same case on former appeal 167 Ala. 96; 52 South 885.

ALLEN & BELL, for appellant. The justice of peace before whom the affidavit was made and who issued the warrant was without authority to make it return-able to the criminal court much less the judge of the criminal court of Jefferson County.—*Lee v. The State,* 39 South. 366; *Spurlock v. The State,* 48 South. 849; *Alford v. Hicks,* 38 South. 752. It certainly could not be made returnable to the judge of such court.—*Scott v. The State,* 141 Ala. 43. Hence, it was not returnable to any court.—*Morris v. The State,* 146 Ala. 86; *Bankhead's Case,* 124 Ala. 14; *Washington's Case,* 81 Ala. 35. The warrant being returnable to the judge of the city court, and there being two judges of the court, defendant could not waive his right to trial by jury until he ascertained before which judge his case would be tried. As to what is a waiver, see.—*Cross v. The State,* 78 Ala. 430; *Goldfield v. Finnigan,* 114 Ala. 39; 41 S. E. 90; 37 Atl. 227; 70 Am. St. Rep. 288; 49 Am. Dec. 478.

ALEXANDER M. GARBER, Attorney General, for the State. The Legislature had authority to authorize, and did authorize the inferior court to make the warrant returnable as it was.—*Walker v. The State,* 89 Ala. 74; *Reeves v. The State,* 116 Ala. 481. It was no objection that the warrant was made returnable to the judge when the warrant is made returnable to the court it-self.—*Carnley v. The State,* 50 South. 362. The defendant waived his right to demand trial by jury.

MAYFIELD, J.—The Constitution of 1901 prohibits the institution of prosecutions for final trials as for felonies, except (by indictment. While it authorizes the issue of warrants of arrest, and preliminary trials without indictment in felony cases, it does not allow final prosecution as for indictable offenses, by information, except as is otherwise provided in the Constitution. One of these other provisos in the Constitution reads as follows: "Provided, that in cases of misdemeanor, the Legislature may by law dispense with a grand jury and authorize such prosecutions and proceedings before justices of the peace or such other inferior courts as may be by law established."—Const. § 8. This is certainly authority for the Legislature to create the inferior and criminal courts of Jefferson county, and to provide for the commencement of prosecutions in those courts for misdemeanors. Such inferior courts, when created for this purpose, can certainly be given power and jurisdiction to institute prosecutions otherwise than by indictment by grand jury. This much is expressly authorized by the Constitution.

The record shows a complaint made by B. G. Chew, before H. B. Abernathy, judge of the inferior court of Birmingham, charging the defendant with a misdemeanor, a violation of the prohibition law. The affidavit or complaint made by the affidavit is substantially in the form provided in the Code for indictment in such cases, and in the form provided for affidavits, except that, instead of showing that affiant had probable cause for believing, and did believe, that the offense named had been committed and that the defendant was guilty thereof, it alleges directly and specifically that the defendant committed the offense named. This court has often held such affidavits to be sufficient. (The writer is of a different opinion; but having fully expressed his

[Redd v. The State.]                •

views in dissenting opinions in other cases, and the Code having been readopted with the construction which the majority place upon these sections, he forbears to further press his views upon the subject.)

Upon this complaint a warrant was issued by the magistrate, and made returnable to the judge of the criminal court of Jefferson county, in which court he was tried and convicted upon this affidavit. The statutes creating the criminal court of Jefferson county and the acts amendatory thereof provided for a jury trial in such court, but provided that the jury should be demanded within a given time, else it was waived. The record shows that the defendant did not demand a jury within the time prescribed; hence his demand came too late, and was properly refused by the trial court on this ground. It has been repeatedly held by this court that a defendant in a misdemeanor case could waive his right to a jury trial, and that a failure to demand it within the time prescribed was a waiver.— *McClellan v. State,* 118 Ala. 122, 23 South. 732; *Connelly v. State,* 60 Ala. 89, 31 Am. Rep. 34; *Reeves v. State,* 96 Ala. 33, 11 South. 296.

Neither the warrant, the complaint, nor the conviction, was void because the writ was made returnable to the judge of the criminal court of Jefferson county, instead of to the criminal court of Jefferson county. The record shows that it was returned to the court, and that the trial was there had as provided by law, and that the defendant gave an appearance bond to appear before that court, and that he did so appear, and not before the judge, as distinguished from the court. There is nothing in the contention to the contrary.— *Carnley v. State,* 162 Ala. 94, 50 South. 362.

Some of the questions discussed in brief of counsel are the same as the questions decided in the case of

*Higdon v. Stuckey, infra,* 53 South. 301, which overruled the case of *Herring v. State,* 158 Ala. 31, 48 South. 476.    On the authority of *Higdon v. Stuckey, supra,* and for the reasons above set forth, the judgment appealed from must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.