# Ireland *v.* The State.

## *Larceny.*

(Decided May 14, 1914.  65 South. 443.)

*Jury; Right to; Waiver.*—Acts 1886-7, p. 838, establishing the Criminal Court of Jefferson County, and providing for waiver of jury trials in misdemeanor cases is not violative of section 6, Constitution 1901; and the failure of one charged with a misdemeanor within the time prescribed by such act to demand a trial by jury is a waiver of that right.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WILLIAM E. FORT.

L. D. Ireland, alias, etc., was convicted of petty larceny, and he appeals. Affirmed.

H. A. DICKINSON, for appellant. The act establishing the Jefferson Criminal Court wherein it provides that the failure of a misdemeanant to demand a trial by jury within a certain time, is a waiver of the right of trial by jury, violates section 6, Constitution 1901.—*Ex parte*

*Knight,* 61 Ala. 485; 26 Cyc. 150; *Sanders v. State;* 55 Ala. 45; Story's Const. Law, 697 and 713.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. The proposition asserted by appellant is too well settled to admit of controversy.—*Alford v. State, ex rel. Attorney General,* 170 Ala. 195, to and including *Connelly v. State,* 60 Ala. 89.

THOMAS, J.—The defendant was indicted for petit larceny, and under the provisions of the act establishing the criminal court of Jefferson county (Acts 1886-87, p. 838, § 13) he waived a jury trial and was thereupon tried and convicted by the court. His counsel insist that the section of the act cited, permitting the defendant to waive a jury trial, is unconstitutional and void, as being violative of section 6 of our Bill of Rights. It has become too well settled by the decisions of this state that the Legislature might provide for a waiver of the right of trial by jury in misdemeanor cases, as this is, without running counter to the constitutional provisions cited, to now admit of controversy.—*Connelly v. State,* 60 Ala. 89, 31 Am. Rep. 34; *Moore v. State,* 68 Ala. 361; *Summers v. State,* 70 Ala. 16; *Collins v. State,* 88 Ala. 214, 7 South. 260; *Reeves v. State,* 96 Ala. 39, 11 South. 296; *Dean v. State,* 100 Ala. 104, 14 South. 762; *McClellan v. State,* 118 Ala. 124, 23 South. 732; *Lewis v. State,* 123 Ala. 86, 26 South. 516; *Frost v. State,* 124 Ala. 87, 27 South. 251; *Ex parte State, ex rel. Wood,* 151 Ala. 575, 576, 44 South. 635; *Ex parte O'Neal,* 154 Ala. 240, 45 South. 712; *Redd v. State,* 169 Ala. 9, 53 South. 908; *Alford v. State, ex rel. Atty. Gen.,* 170 Ala. 195, 228, 54 South. 213, Ann. Cas. 1912C, 1093.

It is also well settled that the failure of a defendant in a misdemeanor case to demand a jury trial within the

[Newton v. The State.]

time prescribed by the statute here under consideration is a waiver of a jury trial.—*Redd v. State*, 169 Ala. 9, 53 South. 908.

We find no error in the record, and the judgment of conviction is accordingly affirmed.

Affirmed.