(74 South. 843)

DALEY v. STATE. (8 Div. 491.)

(Court of Appeals of Alabama. March 23, 1917.)

JURY ☞31(5) — RIGHT TO TRIAL BY JURY — STATUTE—CONSTITUTIONALITY.

Acts 1915, p. 940, requiring defendant indicted for misdemeanor to file with the clerk of the court a written demand for trial by jury, is not violative of Const. 1901, § 6, guaranteeing in all criminal prosecutions by indictment that accused shall have a speedy trial by an impartial jury of the county or district in which the offense is committed, merely because it requires the demand to be in writing.

[Ed. Note.—For other cases, see Jury, Cent. Dig. § 208.]

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

John Daley was convicted of an offense, and he appeals. Affirmed.

James C. Phelps and Milo Moody, both of Scottsboro, for appellant. W. L. Martin, Atty. Gen., for the State.

BROWN, P. J. The appellant contends that the act approved September 28, 1915

(Acts 1915, p. 940), in so far as it requires the defendant indicted for a misdemeanor to file with the clerk of the court a written demand for trial by jury, is violative of section 6 of the Constitution of 1901, guaranteeing in all criminal prosecutions by indictment the accused shall have a speedy public trial by an impartial jury of the county or district in which the offense is committed, because it requires the demand to be made in writing. This contention is fully answered in the following cases: Alford v. State ex rel. Attorney General, 170 Ala. 178, 54 South. 213, Ann. Cas. 1912C, 1093; Connelly v. State, 60 Ala. 89, 31 Am. Rep. 34; Ireland v. State, 11 Ala. App. 155, 65 South. 443; Frazier v. State, 11 Ala. App. 285, 66 South. 879.

There was evidence before the court authorizing the conclusion announced in the judgment of guilt, and a new trial was properly denied. Mulligan v. State, 15 Ala. App. 204, 72 South. 761.

Affirmed.