(77 South. 370)

BAADER v. STATE.    (6 Div. 658.)

(Supreme Court of Alabama.    Dec. 20, 1917.)

1. JURY ⚖═31(2)—CONTROL BY LEGISLATURE.

The right of trial by jury may be regulated by the Legislature, but not so as to impair any of the fundamental requisites of a jury as to number or unanimity of verdict.

2. JURY ⚖═25(1)—WAIVER OF JURY TRIAL — RIGHT OF STATE TO DEMAND JURY TRIAL.

Under Act March 1, 1901 (Acts 1900–01, p. 1343) § 4, providing that the judge of the county court may decide misdemeanor cases without a jury, unless a jury is demanded, and Gen. Acts 1915, p. 32, § 32, relating to violation of the prohibition law, where a defendant has waived a jury, the state cannot demand or be granted one.

Certiorari to Court of Appeals.

G. Baader was convicted of a violation of the prohibition law, and he appealed to the Court of Appeals, which affirmed the judgment of conviction (75 South. 820). Defendant brings certiorari. Writ granted, and judgment reversed, and cause remanded.

Tumlin & Ingram and Emil Ahlrichs, all of Cullman, for appellant. W. L. Martin,

Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

THOMAS, J. The defendant was charged by affidavit, in the county court of Cullman, with a violation of the prohibition law, and from a judgment of conviction appealed.

The petition to this court for the writ of certiorari to the Court of Appeals presents the question whether the solicitor for the state, prosecuting in said county court, could demand a jury, when this defendant in misdemeanor had waived a trial by jury and insisted that he be tried by the judge of said court without a jury.

The opinion of the Court of Appeals recites the fact that:

"The prosecution was begun by affidavit in the county court of Cullman county, in which court a jury is provided, and is, when organized, a part of the court. The defendant did not demand a jury trial, but, on the contrary, insisted that he should be tried by the court, without a jury. The record shows that the solicitor demanded a jury several months after the prosecution was begun."

By the act of March 1, 1901 (Acts 1900-01, pp. 1342–1345), "To confer additional jurisdiction upon the county court of Cullman county, Alabama, and to regulate the proceedings therein," it is provided (section 1) that said court shall have concurrent jurisdiction with the circuit court of said county for the trials of all misdemeanors committed in said county; that (section 2), all indictments presented or filed charging defendants with the commission of misdemeanors shall be transferred to the county court by the presiding judge of the circuit court of said county; that (section 4):

"It shall be the duty of the judge of the county court to hear counsel and decide cases without a jury, unless a jury is demanded; and if a jury is demanded at a nonjury term, the cause must be continued to the next succeeding jury term of said court."

The act further provides (section 5) for the drawing and summoning of jurors and the impaneling of juries for said county court; that (section 7):

"The defendants in all cases, whether tried by the court or by a jury, shall have the right to appeal to the Supreme Court only, and may reserve by bill of exceptions, any questions of law arising in any of the proceedings in like manner and form; as provided for in similar cases in the circuit court."

It further provides (section 9) that the solicitor for Cullman county must prosecute for the state all cases therein, and for his compensation shall be allowed the same fees as for similar services rendered in the circuit court.

The terms of said court are thus fixed by the act (section 10):

"That the term of the county court shall be held on the third Monday in every month, at the courthouse of said county, the jury terms to be held on the third Mondays in January and July, and each term to continue until the business is disposed of."

The act further provides (section 12) that prosecutions may be instituted or commenced in said county court, as now provided by law in county courts, to be thereafter subject to the provisions of this act; that all appeals by defendants in criminal cases for misdemeanors from justices of the peace, or notaries public with powers of justices of the peace, shall be taken to the county court. The act concludes with the usual clause repealing conflicting laws.

Thus it is declared to be the duty of the trial judge of the county court to hear and decide cases without a jury, "unless a jury is demanded," and, on such demand being made at a "nonjury term," to continue the case to the next succeeding jury term for such jury trial. And if the demand for a jury trial here provided gave the state that right, it must be conceded that it must be made by the state within the time and in the manner required of a defendant. If otherwise, a rule more favorable to the state than to a defendant would be established; and such an end could not have been within legislative contemplation.

The primary question presented was dismissed by the Court of Appeals in the statement that:

"The right of trial by jury is one of the bulwarks of the liberties of the citizens, and when a defendant has had a fair trial by a jury of his peers, he has had what the law guarantees to him."

What, then, was defendant's guarantee for a "fair trial" of the misdemeanor of which he was charged? Can we say with assurance that, if the trial judge of said county court had discharged his statutory duty (Act 1900-01, supra, § 4) by hearing and deciding defendant's cause, when first at issue, without a jury, defendant failing to demand a jury, the judgment rendered would have been the same as that expressed by the verdict of guilt by the jury? Can we say that the same right of demand for a jury as was accorded by the court to the state over the defendant's objection, was secured to the defendant, on demand under the statute, at such subsequent term of the court?

Defendant's counsel insist that defendant did not have the "fair trial" guaranteed to him by the Constitution and the statute, for the reason that the statute secures to the defendant alone in such cases the option to demand a trial by jury, or by the judge of the county court without a jury, and for the further reason that if, under the statute, the state was so entitled, its demand for a jury was not duly made, in that it was not presented at the first term of the court at which the case was called for trial, but, instead, was made "several months after the prosecution was begun," and at a time when no such right was secured by the statute to a defendant.

[1] That the right of trial by jury may be regulated by the Legislature has been often

reaffirmed; but legislative restrictions or amplifications must not be of such character as to deny or impair any of the fundamental requisites of a jury; that is, they may not vary the constituent number, nor provide for other than an unanimous verdict, nor introduce regulations leading away from impartiality. These original factors are necessary for the integrity of the jury and the jury trial, being "impliedly, if not expressly, fixed by the Constitution." Proffatt on Jury Trial, § 106; Sedgwick on Stat. & Const. Law, p. 486; Spivey v. State, 172 Ala. 391, 397, 56 South. 232; 16 R. C. L. 181.

In determining whether a fundamental question is involved, it is well to note that under the federal Constitution (article 3, § 2, cl. 3) it was originally provided that the trial of all crimes, except those the subjects of impeachment, shall be by jury, and that trial by jury in all civil actions had no place among the organic provisions. The anxiety of the people as to this feature, manifested by conventions and in resolutions, finally resulted in the addition to the Constitution of the Sixth and Seventh Amendments, providing, respectively:

That in all criminal prosecutions, "the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed," and that "in all suits at common law where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States, than according to the rules of the common law."

As to the amendment relating to suits at common law, it was declared to have reference only to suits in federal courts, and not to limit the action of the states in their own legislation (Livingston v. Mayor, 8 Wend. [N. Y.] 100, 22 Am. Dec. 622; Lee v. Tillotson, 24 Wend. [N. Y.] 337, 35 Am. Dec. 624; State v. Keyes, 8 Vt. 57, 30 Am. Dec. 450; Slocum v. N. Y. Life Ins. Co., 228 U. S. 364, 378, 33 Sup. Ct. 523, 57 L. Ed. 879, Ann. Cas. 1914D, 1029), and that it did not apply to suits in equity or admiralty (Luria v. United States, 231 U. S. 9, 28, 34 Sup. Ct. 10, 58 L. Ed. 101; Parson v. Bedford, 3 Pet. 433, 446, 7 L. Ed. 732).

Following the phraseology of the Seventh Amendment to the federal Constitution, Alabama, in common with other states, incorporated in its Constitution (independent of the general provision that "the right of trial by jury shall remain inviolate" [Const. § 11]) the guaranty that "in all prosecutions by indictment, a speedy public trial, by an impartial jury" (Const. § 6), should be among the rights of the accused.

Thus in effect the Constitution provided, or, more aptly speaking, permitted, a summary trial, without a jury in the first instance, for a class of misdemeanors not prosecuted by indictment, as was the custom in England under the common law and the statutes there in force before the adoption of the Constitution of the United States. Alford v. State, 170 Ala. 178, 220, 54 South. 213, Ann. Cas. 1912C, 1093, et seq.; Proffatt on Jury Trial, § 85 et seq.

Touching the constitutional guaranty in Alabama of the right of trial by jury, the several pertinent provisions of our Bill of Rights are: That in all prosecutions by indictment the accused shall have a speedy public trial by an impartial jury of the county or district in which the offense was committed (Const. § 6); that no person shall for the same offense be twice put in jeopardy of life or limb, though "the court may, for reasons fixed by law, discharge juries from the consideration of any case," etc. (section 9); "that the right of trial by jury shall remain inviolate" (section 11); that the enumeration of certain rights shall not impair or deny others retained by the people. And "to guard against any encroachment on the rights herein retained," it was declared that "everything in this Declaration of Rights is excepted out of the general powers of government and shall forever remain inviolate." Section 36.

Under such constitutional guaranties to defendants in criminal cases, statutes authorizing trial for misdemeanors without a jury in the first instance (as in a justice or a county court), but securing to such defendants an "unqualified and unfettered right" of appeal to a higher court and trial in such court by a jury, have been upheld. Collins v. State, 88 Ala. 212, 7 South. 260; Reeves v. State, 96 Ala. 33, 11 South. 296; Frost v. State, 124 Ala. 71, 27 South. 550; Alford v. State, supra; Sedg. on Stat. & Const. Law (Pomeroy's Ed.) p. 491; Proffatt on Jury Trial, § 110.

So much in explanation of how a defendant in misdemeanor cases has the recognized right to waive a jury trial under the Constitution. It remains only to review the statutes.

In the act of September 28, 1915, provision is made for the trial of misdemeanors in the circuit court without the intervention of a jury, where no demand is made therefor by the defendant within the time prescribed. The right to demand a trial by jury in criminal cases pending in a county court is also provided by section 6718 of the Code; and provision for appeal in such cases to a superior court, in which a jury trial may be had, is contained in sections 6725 and 6743 of the Code.

Under the line of authority expressed in Alford v. State, supra, the recent statutes in prohibition cases providing for a jury trial, or waiver thereof by the defendant, were enacted. Acts Sp. Sess. 1909, § 32, pp. 63, 92; Acts 1915, § 32, pp. 8, 32. It was theretofore settled that the right of trial by jury in misdemeanor cases may be waived by a defendant. Connelly v. State, 60 Ala. 89, 31 Am. Rep. 34; Cross v. State, 78 Ala. 430; Reeves v. State, supra, 96 Ala. 39, 11

South. 296; Dailey's Case, 12 Cush. (Mass.) p. 80; Murphy's Case, 1 Metc. (Ky.) 365; Proffatt on Jury Trial, §§ 110–113.

The defendant was tried by the county court of Cullman, under the jurisdiction and powers conferred on that court by the act of 1901 (Gen. Acts. 1900-01, p. 1342) for a misdemeanor within the provisions of the prohibition laws; one of the provisions of such laws being the right of trial by the judge without a jury, or by a jury on the defendant's demand. Gen. Acts 1915, pp. 8, 32.

[2] It cannot with reason be insisted that the general provision of section 4 of the act of 1901, making it the duty of the judge of that court to hear and decide causes without a jury "unless a jury is demanded," was legislative authority to the state to demand a jury for misdemeanors triable in such court, notwithstanding a jury trial has been waived by the defendant as provided by statute. The history of trial by jury, right to which is secured to the defendant in criminal cases (Proffatt on Jury Trial, § 35 et seq.; Id. § 113; 3 Mod. Am. L. §§ 283, 284, 314; 16 R. C. L. pp. 180–183, 220), as well as final recognition by decisions and by statutes of a misdemeanant's right to waive a jury trial, refutes this contention. The expression in the act "unless a jury is demanded," which was framed in the light of this history of jury trial, must be held to refer only to the right of waiver theretofore conceded to a defendant, and not to a new right by grace of the Legislature conferred upon the state. Taliaferro v. Lee, 97 Ala. 92, 99, 13 South. 125.

Any other construction of the act would put it in the power of the state's counsel to deny, or render nugatory, the defendant's right of waiver of a trial by a jury under the Constitution and the statutes having application. That such was the legislative intent is refuted by the history of the waiver by defendants of such constitutional rights as that adverted to.

But whether or not the Legislature could have given the state this right to prevent a misdemeanant from waiving trial by a jury we need not now decide. It is sufficient to say that it did not attempt to confer such a right on the state. The latest declaration of the legislative will on the subject is to the effect that the right to a jury trial is secured only on seasonable demand therefor by the defendant; this provision having application to prosecutions for certain misdemeanors, including violations of the prohibition laws. For example, section 32 of the act of 1915 provides that in all prosecutions for the violation of any provisions of this act or any other act now or hereafter enacted for the suppression of the evils of intemperance, or to promote temperance, "the defendant may, at the time he gives bond or within five days thereafter, file in the cause a demand for a trial by jury, or if he does not give bond, he may within five days after his arrest file in the court a demand for a jury trial, in which event such jury trial shall be allowed"; and further provision is made for a trial by the court without a jury where a jury is not demanded by the defendant.

The prosecution of this defendant did not originate in the state court; and the demand for a jury, allowed several months after the prosecution was begun, was not within the provisions of the act of September 28, 1915. For this reason it is unnecessary to express an opinion on the question of the difference between the periods allowed under the two acts for demanding or waiving a jury trial in such cases. Gen. Acts 1915, § 32, p. 32; Gen. Acts 1915, § 2, pp. 939, 940.

The substitution of a jury trial by the judge of the court at the instance of the state in the case at bar was an unauthorized exercise of a supposed judicial discretion; it finding no support in the Constitution or in the statutes.

The writ of certiorari is granted in accordance with the prayer of the petition. And the judgment of the Court of Appeals is reversed, and the cause remanded. All the Justices concur.