22 So.2d 431

## KIRK v. STATE.

### 6 Div. 350.

Supreme Court of Alabama.

May 31, 1945.

Roger F. Rice, of Birmingham, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

STAKELY, Justice.

The appellant was indicted for assault with intent to murder. He was tried and convicted of simple assault by a jury in Jefferson County. The judgment entry shows that a jury consisting of twelve men was impaneled and sworn, but during the trial one of the jurors was discharged from further duty. The record shows that the order of the court discharging the juror was made with the unanimous consent of the solicitor, the defendant, his counsel and the trial judge, and that they all agreed to a continuation of the trial and rendition of the verdict by the remaining eleven jurors. The record further shows that the verdict was rendered by the remaining eleven jurors. This procedure was in conformity with a General Act of local application, approved June 17, 1943, General Acts, 1943, p. 156, Code 1940, Tit. 30, § 99(1), subds. 1, 2, 4. We quote the pertinent portion thereof as follows:

"[Section] 1. The provisions of this Act shall apply only in the circuit court in counties having a population of 300,000 or more according to the last or any subsequent federal census.

"[Section] 2. At any stage of a trial then pending, whether the jury has retired or not, the parties may unanimously consent in open court with legal effectiveness, to a discharge from further duty of any member of the jury trying the case and to a continuation of the trial and rendition of a verdict by the remaining jurors. A verdict returned by the remaining jurors shall be as valid and as legally effective as if it had been returned by the full jury.

\*    \*    \*    \*

"[Section] 4. The provisions of this Act shall apply to any and every kind of action except prosecutions for capital felonies."

The testimony of the State tended to show that Mack McGee was shot with a pistol by the appellant, who had invited him to step outside of a cafe in Birmingham. The difficulty arose when Mack McGee had torn a button from appellant's shirt several nights previously. Testimony for appellant tended to show self-defense. It was his contention that Mack

McGee invited him out of the cafe on the night of the shooting and that the shot was fired in order to prevent McGee from assaulting appellant. The evidence presented a jury question, and the evidence was ample to support the verdict of simple assault. The only question worthy of serious consideration grows out of the fact that the verdict was rendered by eleven jurors, one having been excused during the progress of the trial, as stated.

The fundamental law of this state provides that "in all criminal prosecutions, the accused has the right to be heard by himself and counsel * * * and, in all prosecutions by indictment, a speedy public trial, by an impartial jury of the county or district in which the offense was committed * * *." Constitution of 1901, § 6. The Constitution of 1901, § 11, also provides "that the right of trial by jury shall remain inviolate." The question, accordingly, is whether or not the General Act of local application hereinabove set forth violates the Constitution. Since the validity of a statute is involved, this case has been transferred to this court by the Court of Appeals, in accordance with the provisions of § 87, Title 13, Code 1940.

In the case of Bell v. State, 44 Ala. 393, this court held that a verdict in a criminal case rendered by eleven jurors was invalid, despite the consent of the defendant and the solicitor. We quote from that decision as follows: "The objection, that the verdict rendered by eleven jurors is invalid, notwithstanding the defendant consented that one might be discharged for illness, and the trial proceed with the remainder, is well taken. When issue is joined upon an indictment, the trial must be by the tribunal and in the mode which the constitution and laws provide, without any essential change. The public officer prosecuting for the people has no authority to consent to such a change, nor has the defendant. Cancemi v. People, 18 N. Y. 128 [4 Smith 128]."

The foregoing case was followed by the Court of Appeals in the case of Cleghorn v. State, 22 Ala.App. 439, 116 So. 510, 511, where it held that "where a trial by jury is provided for and had, it must be before a 'common-law jury of twelve men'."

In the case of Collins v. State, 88 Ala. 212, 7 So. 260, a statute authorizing a jury of eight members was held unconstitutional. In referring to the constitutional pro-

visions set forth above this court in that case said: "It does not admit of controversy that the jury contemplated by these clauses of the constitution is a common-law jury of twelve men, and that a jury constituted of a less number than this is not a constitutional jury."

In fact, our cases make it clear that the fundamental requisites of a jury shall not be impaired. "Those fundamental requisites are that the jury shall be composed of 12 persons, that they shall be impartial, and that the verdict must be unanimous." Dixon v. State, 27 Ala.App. 64, 167 So. 340, 348, certiorari denied 232 Ala. 150, 167 So. 349. See also Baader v. State, 201 Ala. 76, 77 So. 370.

It should be clearly understood, however, that we are not dealing in the case at bar with an infringement of constitutional rights, but with the right of the accused at his election to forego rights granted by the Constitution and especially the right to waive such rights when the public policy of the State is expressed in the statute set forth above. The case of Collins v. State, supra, is clearly not in point, because in the act there under consideration, the defendant was not accorded the right of trial by a constitutional jury of twelve men, but only eight men.

In the Cleghorn case, supra, the Court of Appeals followed the decision of this court in the Bell case, supra. The present statute was not then in effect. It should also be noted that in the quotation taken from the Bell decision, supra, this court said "the trial must be by the tribunal and in the mode which the constitution and laws provide." Furthermore, the Bell decision is based on the New York decision of Cancemi v. People, 18 N.Y. 128, 4 Smith 128. Two years after the decision by the Court of Appeals in the Cleghorn case, the Supreme Court of the United States criticized this New York decision in the case of Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 866, 70 A.L.R. 263.

As pointed out, we are dealing here with the situation where there is a State statute providing that the defendant may waive his constitutional right to a constitutional jury of twelve men and be tried before a jury less in number. There are many authorities on the question when there is no statute involved. Such authorities are collected in 70 A.L.R. 281 and Ex parte Kortgaard, 66 N.D. 555, 267

N.W. 438, 105 A.L.R. 1114. The greater number of these cases appear to hold that the defendant in a felony case cannot agree to be tried by a jury of less than twelve. The Patton case, supra, is one of the cases, however, which upholds the right of waiver. This decision is worthy of careful study. It collects many authorities on the subject and deals with the question historically. It shows how the ancient doctrine that the accused could waive nothing is no longer supported by modern conditions. It involves a felony and considers Article 3, § 2, Clause 3, of the Federal Constitution, and the Sixth Amendment to the Federal Constitution, provisions in the Constitution of the United States which deal with the right of trial by jury. The Patton decision supports the right of waiver by holding in effect, among other things, that the jury is an instrumentality of the court for the protection of the accused and not an inseparable part of the court.

The reasoning of the Patton case is followed in Ex parte Kortgaard, 66 N.D. 555, 267 N.W. 438, 444, 105 A.L.R. 1107, 1114. The court, in dealing with constitutional provisions substantially similar to the provisions of the Constitution of Alabama relating to trial by jury, said: "If the constitutional provision, preserving the right of trial by jury, was intended as a part of the frame of government and not as a guaranty to the accused, the accused could only be sentenced upon the verdict of a jury, and every law authorizing a plea of guilty would be unconstitutional. It is not necessary that the right of trial by jury should be more than a guaranty to the accused, for, so long as it is guaranteed, it remains inviolate. No power can take it away from him. He is not required to demand it. He is entitled to it when he remains mute; but it may be to his advantage to waive it and plead guilty; it may be to his advantage to waive the constitutional number of jurors and continue with a less number. His doing so does not establish a dangerous precedent as some decisions suggest, for his waiver affects only himself and it is not a precedent for any other case. It is not even a precedent for himself in case of another trial, for in every trial he is entitled to a constitutional jury unless he affirmatively waives it with the approval of the state's attorney and the sanction of the court."

Looking to the question from the standpoint of society at large in a case dealing with a felony less than capital, we quote the following: "The theory upon which the opposing cases are decided seems to rest on the proposition that society at large is as much interested in an impartial trial of a defendant, who may be sentenced to imprisonment, as he himself is, and therefore no permission to waive any right, when charged with a felony, should be accorded to him. There may be reason for applying this rule to capital cases, as has been done in Pennsylvania, but such a principle ought not to be invoked to relieve those charged with lesser offenses, such as larceny, (though technically denominated a felony), from the consequences of their own voluntary act, and, where it appears by the record that consent to the course pursued was freely given, the defendant should not be heard thereafter to complain." Commonwealth ex rel. Ross v. Egan, Warden, 281 Pa. 251, 126 A. 488, 490.

Overruling its earlier decision on the subject, the Supreme Court of Kansas, in the case of State v. Scott, 156 Kan. 11, 131 P.2d 664, 668, in dealing with constitutional provisions substantially similar to the provisions of the Constitution of Alabama relating to trial by jury, said: "* * * we have reached the conclusion that as applied to the case at bar, the sounder view is that a defendant in a criminal action for felony may intelligently and affirmatively, and with consent of the prosecuting attorney and of the trial court, waive his right to trial by a jury of twelve persons and consent to trial by a lesser number."

To the same effect see Attorney General ex rel. O'Hara v. Montgomery, 275 Mich. 504, 267 N.W. 550.

But solution of the problem does not depend entirely on the reasoning such as was followed in the Patton case, supra, because here we have a statute, expressly providing for the procedure followed in the case at bar. Such statutes have generally been held valid. 70 A.L.R. 292; 31 Am.Jur. 627, 628.

We have considered the reasoning in the Patton case and similar authorities at length, because when there is added to that reasoning the force of the present statute, the conclusion is inescapable that the waiver is good. What, then, is the purpose of the present statute? We think the statute places the waiver beyond controversy because it eliminates what some authorities consider defects in the procedure. It elim-

inates any question or doubt as to the jurisdiction of the court. It resolves against any contention that a tribunal not known to Alabama law was created by consent of the parties. It affirmatively provides for approved procedure and enables the court thereby to act. The following is one of the authorities which states objections which the statute was evidently designed to meet: "The infirmity in case of a trial by jury of less than twelve, by consent, would be that the tribunal would be one unknown to the law, created by mere voluntary act of the parties; and it would in effect be an attempt to submit to a species of arbitration the question whether the accused has been guilty of an offense against the State." Cooley's Constitutional Limitations, 8th Ed., Vol. I, p. 674.

See authorities collected in 70 A.L.R. pp. 292–294.

As supporting in principle the views expressed above, we add the following: In the case of Connelly v. State, 60 Ala. 89, 31 Am.Rep. 34, this court, speaking through Mr. Justice Stone, said: "Under the constitution of 1875, we hold, that the act 'to regulate the trial of misdemeanors in Madison County,' and its provision allowing parties indicted for misdemeanor, and tried in the County Court, to waive a jury, is constitutional."

In the case of McClellan v. State, 118 Ala. 122, 124, 125, 23 So. 732, 733, there was involved a statute authorizing the judge to try misdemeanors without the intervention of a jury unless the defendant within a certain time should in writing demand a trial by jury. In this connection this court said: "The statute afforded the defendant full opportunity to elect a trial by jury if he had desired it. The cause was docketed in the court, and all that was required of him was the expression in writing, within the prescribed time, of his demand for such trial. When the whole statute is read, the manifest purpose of the requirement is that the court should be the better able to control the summoning and attendance of juries during the term, facilitating the transaction of business. Neglecting to make the demand was a waiver of trial by jury, a waiver he could not subsequently of his own volition retract."

See also Redd v. State, 169 Ala. 6, 9, 53 So. 908; Ireland v. State, 11 Ala.App. 155, 65 So. 443.

What difference is there between waiving a trial by jury altogether and then trying the case before the court—the statute allowing—and waiving trial by a jury of twelve members and then trying the case before a jury less in number—the statute allowing? In both instances, the right to trial by a jury of twelve is present. If the defendant has the privilege of giving up the right in the first instance, surely he has a similar right in the second instance. We do not think that there is such difference between misdemeanors and felonies, less than capital, as to mar the logic of allowing in the case at bar what was allowed in the foregoing Alabama cases. "In respect to this question of constitutional power we know of no distinction between capital offenses and others—between felonies and misdemeanors." State v. Worden, 46 Conn. 349, 33 Am.Rep. 27, 33.

■ The reasoning may be carried further. There can be no good reason why the accused may not plead guilty and in certain cases waive a jury trial altogether. Section 277, Title 15, Code 1940. If the defendant can waive a jury altogether, certainly he can agree for the case to be tried by a jury consisting of less than twelve members.

"It is difficult to see why the fact, frequently suggested, that the accused may plead guilty and thus dispense with a trial altogether, does not effectively disclose the fallacy of the public policy contention; for if the state may interpose the claim of public interest between the accused and his desire to waive a jury trial, a fortiori it should be able to interpose a like claim between him and his determination to avoid any form of trial by admitting his guilt. If he be free to decide the question for himself in the latter case, notwithstanding the interest of society in the preservation of his life and liberty, why should he be denied the power to do so in the former? It is no answer to say that by pleading guilty there is nothing left for a jury to try, for that simply ignores the question, which is not what is the effect of the plea, the answer to which is fairly obvious, but, in view of the interest of the public in the life and liberty of the accused, can the plea be accepted and acted upon, or must the question of guilt be submitted to a jury at all events? Moreover, the suggestion is wholly beside the point, which is that public policy is not so inconsistent as to permit the accused to dispense with every form of trial by a plea of guilty, and yet forbid him to dispense with a particular form of trial

48

by consent." Patton v. United States, supra [281 U.S. 276, 50 S.Ct. 260].

See also Kortgaard case, supra.

We conclude that appellant was not deprived of any constitutional right and the act in question is not violative of constitutional provisions. The judgment of the lower court is valid. It must be affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.