Although I agree that Ala. Code 1975, § 6-11-3, violates the right to a trial by jury, I fundamentally disagree with the premises upon which the principal opinion stands. The opinion purports to hold that § 6-11-3 violates Ala. Const. 1901, art. I, § 11, because the statute impairs a jury's factfinding function. However, the opinion appears to stand on at least three distinct propositions, none of which, in my view, is supported by law or logic. Consequently, I write specially to point out what I perceive to be the most serious weaknesses in the analysis of this constitutional issue.
The opinion's analysis of the unconstitutionality of § 6-11-3
begins with what I shall call "Proposition One," which is that "§ 11 of the Constitution has never been interpreted by this Court . . . as doing more than restricting the legislature from denying or impairing the fundamental requisites of a jury, which are that the jury be composed of 12 persons, that they be impartial, and that their verdict be unanimous." At 187-188. A second proposition found in the opinion asserts that the second proviso in Amendment 328, § 6.11, "added something" not originally guaranteed by § 11, that is, an express reference to the common law comparable to that contained in U.S. Const. amend. VII. The opinion also appears to rest on a third proposition, which is that Amendment 328, § 6.11, preserves for Alabama litigants constitutional protection for the factfinding
function of juries as that function existed at common law. The opinion consequently invites the conclusion that if the factfinding function of the jury is protected by the Constitution of Alabama, then it is protected by Amendment 328, § 6.11, not by § 11.
 Proposition One
This Court has never, in a proper holding, narrowly interpreted the scope of § 11 as guaranteeing only (1) impartiality, (2) duodecimality, and (3) unanimity, to the exclusion of the jury's factfinding function as that function existed at common law. The language that gives rise to this proposition *Page 199 
springs from dictum in Baader v. State, 201 Ala. 76, 77 So. 370
(1917).
In that case, the defendant in a misdemeanor prosecution attempted to waive his right to a jury trial under a statute that required defendants, in order to preserve that right, to demand a trial by jury within five days of arrest or of the giving of bond. Nevertheless, at the request of theprosecution, which was made "several months after the prosecution had begun," the trial court conducted a jury trial. The defendant contended that his constitutional right to a fair trial was violated by this noncompliance with the statute. This Court, holding that the prosecution's request for a jury trial was not timely, reversed the judgment of the trial court. Although no issue was raised regarding the power of the legislature to provide for a waiver of the right to a trial by jury, the Court preliminarily discussed the subject in general terms. The Court's discussion, which was entirely unnecessary to the disposition of the issue presented, contained the statement that forms the basis of Proposition One.
The one case cited in Baader in support of this dictum wasSpivey v. State, 172 Ala. 391, 397, 56 So. 232 (1911). Spivey, however, contains no formula regarding the "fundamental requisites of a jury" such as that which appears in Baader; nor is such a restriction on the scope of constitutional protection fairly inferable from Spivey.
The Baader dictum was once more cited by this Court in Kirkv. State, 247 Ala. 43, 22 So.2d 431 (1945). Immediately following its reference to the language in Baader, however, this Court added the following qualification:
 "It should be clearly understood, however, that we are not dealing in the case at bar with an infringement of constitutional rights, but with the right of the accused at his election to forgo rights granted by the Constitution and especially the right to waive such rights when the public policy of the State is expressed in the statute set forth above."
Kirk, 247 Ala. at 45, 22 So.2d at 432 (emphasis added). It is thus clear that an application of the tripartite formula expressed in the Baader dictum was equally unnecessary to the resolution of the issue in Kirk.[6]
In fact, the principal opinion cites no case in which theBaader dictum formed the basis of this Court's holding, nor has my research revealed any. Moreover, the opinion ultimately concedes that the Baader dictum was "underwritten," that is, that it clearly did not describe the totality of protection afforded the role of juries by § 11. Consequently, I must conclude that this Court has never subscribed to the view that § 11 preserved only (1) impartiality, (2) duodecimality, and (3) unanimity, to the exclusion of the jury's traditional factfinding function.
In this connection, the opinion seems to imply that statutes regulating the "qualifying, selecting, drawing, summoning, and empaneling [of] juries" do not offend § 11. At 191. If that is so, it is because those statutes do not impair the jury's truly
essential function, which is to resolve disputed issues of fact.
 Proposition Two
Amendment 328, § 6.11, through its express reference to the common law, afforded Alabama litigants no guarantees that were not already provided by § 11. The principal opinion properly recognizes that the fundamental function of the common law jury was to resolve disputed issues of fact. Baltimore CarolinaLine v. Redman, 295 U.S. 654, 55 S.Ct. 890, 79 L.Ed. 1636
(1935). Based on its application of Proposition One, however, the opinion attempts to distinguish § 11 from theSeventh Amendment, concluding that, unlike the Seventh Amendment, § 11 did not preserve that factfinding function. Enigmatically, it then likens the two constitutional provisions, stating: *Page 200 
 "The Seventh Amendment to the United States Constitution was ratified approximately 28 years before Alabama's first Constitution was ratified. So, we look to the historical events surrounding the Seventh Amendment for enlightenment as to what was excepted out of the state's general powers of government to forever remain inviolate' . . . insofar as 'the right of trial by jury' is concerned."
At 195. (Emphasis added.)
In attempting to distinguish the protections afforded under the two provisions, the principal opinion goes seriously awry. "The Seventh Amendment is not materially different from Section 11." Poston v. Gaddis, 335 So.2d 165, 167 (Ala.Civ.App.),cert. denied, 335 So.2d 169 (Ala. 1976). Both constitutional provisions preserve the right to trial by jury "as it was at common law." Poston, 335 So.2d at 167. Consequently, issues regarding the scope of § 11 protections have always been resolved by our courts through an analysis of the function of the jury in the same or analogous cases at common law. See, e.g., Ex parte LaFlore, 445 So.2d 932 (Ala. 1983) (question of competency to stand trial was for the jury at common law; therefore, accused was guaranteed that right "by § 11 of the Constitution of 1901"); Kelley v. Mashburn, 286 Ala. 7,236 So.2d 326 (1970) ("Ejectment was known to the common law"; therefore, § 11 preserves right to jury trial in such cases);Ex parte Thompson, 228 Ala. 113, 152 So. 229 (1933) (nonjury disbarment proceedings did not violate § 11 because, under English common law, power to disbar was inherent in the judiciary and juries were not employed in such cases); Thomasv. Bibb, 44 Ala. 721, 724 (1870) (right preserved by § 11 extends to "cases in which it was conferred by the common law, to suits which the common law recognized amongst its old and settled proceedings and suits"); Boring v. Williams, 17 Ala. 510,517 (1850) ("summary remedy" against tax collector for allegedly delinquent collections did not violate right to jury trial where summary remedies in such cases were "the practice from a period long anterior to the adoption of the constitution"); see also Crowe v. State, 485 So.2d 351 at 363 (Ala.Crim.App. 1984) ("advisory nature of jury's sentence verdict" did not violate § 11 because English common law juries did not determine criminal sentence and the purpose of § 11 is to "preserve the right to trial by jury as it existed in the English common law").
Moreover, this Court has long acknowledged the common law matrix that produced the guarantees contained in the Declaration of Rights and in § 11 in particular. In Mayor ofMobile v. Stonewall Ins. Co., 53 Ala. 570 (1875), this Court stated: "A state constitution is always interpreted in thelight of the common law, and if it be not the first constitution, in the light of its predecessors." Id. at 577 (emphasis added). "The guaranties for the security of property and of personal liberty, found in the bill of rights, are borrowed chiefly from magna charta, and for theirinterpretation we look to the common law." Id. (emphasis added); see also State v. Alabama Power Co., 254 Ala. 327, 333,48 So.2d 445, 449 (1950); Crowe v. State, 485 So.2d 351, 363
(Ala.Crim.App. 1984) (section 11 "has remained virtually unchanged since the first state constitution was adopted in 1819" and it "draws its meaning from that early history"),rev'd on other grounds, 485 So.2d 373 (Ala. 1985), cert. denied,477 U.S. 909, 106 S.Ct. 3284, 91 L.Ed.2d 573 (1986). To suppose that the framers of the Alabama Constitution of 1819 contemplated a role for Alabama juries entirely different from that envisioned by our common law ancestors defies ordinary logic.[7]
 Proposition Three
If the first two propositions are to represent anything other than unrelated observations, *Page 201 
the reader must conclude that there is a third proposition supporting the principal opinion: that from the date of Alabama's statehood — December 14, 1819 — until Amendment 328 was proclaimed ratified on December 27, 1973, the essential factfinding function of the common law jury system was not protected by the organic law of this state. Attorneys on both sides of the bench will be amazed to discover that prior to 1973, according to the principal opinion, jury verdicts in Alabama could have been ignored with impunity and without fear of infringing on the right to a trial by jury.
Indeed, the respect for the sanctity of jury verdicts formed the basis for this Court's decision in Jawad v. Granade,497 So.2d 471 (Ala. 1986). Although Mr. Justice Houston states thatJawad was decided under Amendment 328 as well as § 11, a number of the cases upon which the holding in Jawad rested were decided long before the adoption of Amendment 328. See, e.g.,Castleberry v. Morgan, 28 Ala. App. 70, 178 So. 823 (1938) (refusing to follow the Cobb standard); McEntyre v. FirstNational Bank of Headland, 27 Ala. App. 311, 313, 171 So. 913,914-15 (1937) ("in exercising the power [to set aside a jury verdict], the court should be careful not to infringe the right of trial by jury, and should bear in mind that it is their exclusive province to . . . find the facts").
By far, the most puzzling aspect of the principal opinion is its failure to demonstrate the relevance of any of these disjointed propositions to the ultimate conclusion. More specifically, the opinion fails to demonstrate how the second proviso in Amendment 328, § 6.11, which operates as a restriction on the power of the judiciary, restrains the power of the legislature. Indeed, Mr. Justice Houston's analysis appears occasionally to lead away from the conclusion that Amendment 328, § 6.11, restrains the legislature's power. If his analysis does so concede, and if, as the opinion states, § 11 traditionally protected only (1) impartiality, (2) duodecimality, and (3) unanimity, rather than the jury's traditional factfinding function, then how can it be said that § 6-11-3 violates the right to a trial by jury as guaranteed by § 11?
If the statute, under the analysis offered in the principal opinion, does violate § 11, it must be because the protection for the jury's factfinding function, which was "added" in Amendment 328, § 6.11, has somehow become "engrafted" on § 11. Nowhere does the opinion demonstrate how or when this engrafting took place. Its discussion of Amendment 328, therefore, becomes irrelevant and the conclusion of the opinion that § 6-11-3 violates the right to a trial by jury as guaranteed by § 11 is not based on identifiable principles of logic.
In my view, the rationale of the principal opinion is seriously flawed, because it fails to apply a "stand up" § 11 analysis to the challenged legislation. I would hold forth-rightly that § 6-11-3 violates the right to a trial by jury as that right is, and has always been, guaranteed by § 11 of the Constitution of Alabama.
[6] In Kirk, this Court held that Act No. 168, 1943 Ala. Acts 156, which provided that the parties could unanimously agree to accept a verdict rendered by a jury consisting of less than 12 members, did not offend the Constitution. Kirk, 247 Ala. at 48, 22 So.2d at 434.
[7] If the framers of the Constitution did envision a role for Alabama juries comparable to that of common law juries, it was clearly beyond the power of this Court to remove the constitutional protections of that role by judicial interpretation. Section 11 prohibits the "state through the legislative, judicial, or executive department — one or all — from ever burdening, disturbing, qualifying, or tampering with this right to the prejudice of the people." Gilbreath v.Wallace, 292 Ala. 267, 292 So.2d 651 (1974) (emphasis added). Clearly, the judiciary is subject to the same constitutional restraints as the legislative or the executive branch.